```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
SUSAN DUBE,                                           :
                                                      :
                          Plaintiff,                  :    16-CV-6728 (JMF)
                                                      :
             -v-                                      :    ORDER
                                                      :
SIGNET JEWELERS LIMITED, et al.,                      :
                                                      :
                          Defendants.                 :
                                                      :
------------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2016
```

JESSE M. FURMAN, United States District Judge:

On October 24, 2016, Lyubomir Spasov and Susan Dube (the "Proposed Lead Plaintiffs") filed a motion for appointment as lead plaintiffs pursuant to Section 78-u(a)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"). (Docket No. 16).[1] The filing also included a motion for approval of Glancy Prongay & Murray LLP and Pomerantz LLP as co-lead counsel for the class. No opposition was filed to these motions. By Order entered on November 9, 2016, the Court directed the Proposed Lead Plaintiffs to submit a supplemental letter addressing whether and to what extent the fact that they sought joint appointment affected their application. (Docket No. 21). The Order also directed the Proposed Lead Plaintiffs to address the propriety or need to have two firms serve as co-lead counsel rather than a single firm.

Upon review of all the foregoing submissions, and consideration of the factors set forth in Section 78u-4(a)(3)(B), the Proposed Lead Plaintiffs' motion is GRANTED. In particular, substantially for the reasons stated in the Proposed Lead Plaintiffs' supplemental letter, the Court concludes that their desire to proceed jointly rather than individually is not a basis to deny their

---

[1]   Initially, Spasov and Dube both filed complaints in this case. On September 16, 2016, the Court consolidated the Spasov and Dube complaints. (Docket No. 11).

motion (or to appoint only one of them as lead plaintiff), as they have "proffer[ed] an evidentiary showing that . . . [they] will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).  Further, the Court does not believe that appointing two lead plaintiffs and two firms as lead counsel will "burden the Court" in any material way.  (*Id.*).[2]

Accordingly, the Court hereby ORDERS that:

1. Spasov and Dube are appointed as Lead Plaintiffs.  The Court finds that they satisfy the requirements for Lead Plaintiff set forth in Section 78u-4(a)(3)(B).

2. Lead Plaintiffs, pursuant to Section 78u-4(a)(3)(B)(v), have selected and retained Glancy Prongay & Murray LLP  and Pomerantz LLP as Co-Lead Counsel.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

    c. to coordinate the examination of witnesses in depositions;

    d. to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlements negotiations with counsel for defendants;

---

[2] Counsel is cautioned, however, that the Court will scrutinize any future fee application to ensure that proceeding with two firms rather than one did not result in any inefficiencies or added expense.

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    h. to supervise any other matters concerning the prosecution, resolution or settlement of the action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5. Counsel in any related action that is consolidated with this action shall be bound by this organization of plaintiffs' counsel.

6. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Co-Lead Counsel shall be the contact among plaintiffs' counsels, and shall direct and coordinate the activities of plaintiffs' counsel.

8. Defendants shall affect service of papers on plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic, or hand delivery. Plaintiffs shall affect service of papers on defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic, or hand delivery.

9. Pursuant to the Stipulation and Order entered on September 29, 2016, Lead Plaintiffs shall confer with counsel for Defendants and, no later than **November 30, 2016**, agree to a stipulation, subject to Court approval, putting in place a schedule setting forth Lead Plaintiffs' time to file a consolidated amended complaint or designate the

existing complaint as the operative complaint and Defendants' time to answer or otherwise respond to the existing complaint in this action. (Docket No. 15).

10. In light of the foregoing, the hearing scheduled for November 22, 2016, is CANCELLED.

11. The Clerk of Court is directed to terminate Docket No. 16.

SO ORDERED.

Dated: November 21, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4