USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/13/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUSAN DUBE,

                      Plaintiff,

      -v-

SIGNET JEWELERS LIMITED, et al.,

                    Defendants.
------------------------------------------------------------------X

16-CV-6728 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

       On April 7, 2017, the Court held a conference on the record to address the application of Irving Firemen's Relief & Retirement System ("IFRRS") to intervene for the purpose of seeking an order either (1) requiring Lead Plaintiffs Susan Dube and Lyubomir Spasov to publish notice pursuant to the Private Securities Litigation Reform Act ("PSLRA") "of the claims and class period they intend to allege in their Second Amended Complaint and afford investors harmed by entirely *new* alleged misconduct during an entirely *new* time period of the right to seek appointment as lead plaintiff" or (2) modifying the Court's Order of March 1, 2017, appointing Lead Plaintiffs "to limit" Lead Plaintiffs "to the factual allegations they were appointed to prosecute." (Docket No. 31, at 1). At the conference, the Court granted the motion to intervene, but reserved judgment on the underlying relief sought by IFRRS.

       Upon further review of the pleadings and relevant case law, IFRRS's application is GRANTED, and Lead Plaintiffs are ordered to republish notice pursuant to the PSLRA to reflect the asserted class and class periods in the Second Amended Complaint. "Although courts typically disfavor republication when a complaint is amended, courts have required new notice

where the amended complaint substantially alters the claims or class members." *Waldman v. Wachovia Corp.*, No. 08-CV-2913 (SAS), 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009); *accord Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013); *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. 03-CV-05421 (RMW), 2005 WL 5327775, at *3-4 (N.D. Cal. July 5, 2005); *Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.,* No. 05-CV-1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005). Contrary to Lead Plaintiffs' contentions, such republication is not strictly limited to circumstances "where the amended complaint relates to a different class or type of security from that to which the original claims related" or "where there was no serious dispute as to whether the amended complaint added new claims, either because the amended complaint added a new cause of action, or because the plaintiffs admitted that the amended complaint otherwise amounted to a new claim." (Docket No. 44, at 6). Instead, the inquiry is more qualitative, turning on a comparison of the two complaints and an assessment of whether, in light of the amendments, "entire classes of potential lead plaintiffs [were] left out of the notice procedure." *Bombardier*, 2005 WL 1322721, at *2.

By any reasonable measure, the amendments in this case qualify as "substantial" and "tilt the balance" in favor of republication. *Kaplan*, 947 F. Supp. 2d at 367. First, the Second Amended Complaint adds more than *three years* (August 29, 2013, to February 27, 2017, inclusive) to the original class period of January 7, 2016, to June 3, 2016, inclusive — an increase fifty percent larger than the increase that the Court in *Kaplan* held warranted republication. *See id.* Second, "and more significantly," the Second Amended Complaint alters

2

dramatically the gravamen of the claims alleged against Defendants. *Id.* In the original complaint, the claims were limited to the allegation that

> Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was experiencing difficulty ensuring the safety of customer's jewelry while in the custody of Signet's brands; (2) that employees at stores under at least one of Signet's brands (Kay) were swapping customers' stones for less valuable stones; (3) that the Company was experiencing a drop-off in customer confidence; (4) that the Company was facing increasing competitive pressures; (5) that, as result of the foregoing, the Company's financial performance was being negatively impacted; and (6) that, as a result of the foregoing, Defendants' positive statements about Signet's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

(Docket No. 1, ¶ 8). In the Second Amended Complaint, by contrast, Lead Plaintiffs assert two categorically different theories of securities fraud: first, that "Signet failed to disclose that that its brand reputation hung by a thread . . . because . . . blatant sexual harassment of female employees was a pervasive feature of its corporate culture"; and, second, that "Signet omitted material facts about the quality of its credit portfolio, namely, that the quality of the portfolio was declining sharply during the Class Period." (Docket No. 33, ¶ 5).

There is no doubt that, taken together, these amendments "dramatically alter[ed] the contours of the lawsuit." *Leapfrog Enterprises*, 2005 WL 5327775, at *3. Indeed, the "additions make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that '[a]llowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process.'" *Kaplan*, 947 F. Supp. 2d at 367-68 (quoting *Bombardier*, 2005 WL 1322721, at *3). That potential is underscored by the fact that IFRRS claims to be an institutional investor with losses of approximately $90,000 (Docket No. 31, at 1-

2 n.2), while Dube and Spasov are individuals alleging far smaller losses. (Docket No. 17, at 5 ("[Dube and Spasov] purchased Signet securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of approximately $3,076.32."). *See Leapfrog Enterprises*, 2005 WL 5327775, at *3. That is, there is a very real possibility that — based on the criteria set forth in the PSLRA — Lead Plaintiffs are not the best suited to represent the interests of the class under the Second Amended Complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) (creating a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" who, among other things, possesses "the largest financial interest in the relief sought by the class"). Accordingly, Lead Plaintiffs shall, pursuant to the PSLRA, republish notice in this action to reflect the asserted class and class periods in the Second Amended Complaint — unless prior to the deadline under the statute, a party shows that such notice is unnecessary in light of the notice previously published in connection with the parallel cases in the Northern District of Texas.

One wrinkle remains. At the April 7, 2017 conference, Lead Plaintiffs indicated that, if the Court ruled that republication was necessary, they would want to strike the new allegations in the Second Amended Complaint and proceed solely on the claims in the First Amended Complaint. Putting aside the question of whether Lead Plaintiffs are entitled to strike new claims or allegations without Defendants' consent or leave of Court, Lead Plaintiffs' proposal does not go far enough. That is because the changes between the original Complaint and the First Amended Complaint were substantial enough in their own right to warrant republication. (*See* Docket No. 28, ¶¶ 1, 5 (defining the class action period as November 25, 2014, to August 25, 2016, inclusive and expanding the claims to include allegations concerning the quality of

Signet's credit portfolio)).[1] Thus, the only possible way for Lead Plaintiffs to avoid the need for republication (and the revisiting of the lead plaintiff and lead counsel selection that might follow) is to revert to the claims and allegations in the original Complaint, which formed the basis for the original PSLRA notice. (*See* Docket Nos. 1, 6). If, in light of the Court's ruling, Lead Plaintiffs wish to strike the new claims and allegations in both the First and Second Amended Complaints and revert to the claims and allegations in the original Complaint, they shall file a letter brief to that effect **within one week of the date of this Order**, showing cause why the Court should permit them to do so; **within three days of any such letter brief**, any interested party — including Defendants and IFRRS — shall file any response.

The Clerk of Court is directed to add IFRRS to the docket as an Intervenor and to terminate Docket Nos. 31 and 38. As discussed on the record at the April 7, 2017 conference, Defendants need not answer or otherwise respond to Lead Plaintiffs' complaints at present; the Court will set a deadline to answer or otherwise respond when the questions of lead plaintiff and the operative complaint have been clarified.

SO ORDERED.

Dated: April 14, 2017
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Although IFRRS did not raise the question of whether notice should be republished when the First Amended Complaint was filed on January 30, 2017, that does not prevent the Court from revisiting the issue now. At some point, the passage of time might counsel against republication even if it would otherwise be warranted, but that point has not yet been reached in this case, as Defendants did not file an answer or move to dismiss either the First Amended Complaint or the Second Amended Complaint. In these circumstances, the interest in insuring that the class is appropriately represented outweighs the interest in avoiding delay.