UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SUSAN DUBE, :
:
Plaintiff, : 16-CV-6728 (JMF)
:
-v- :
:
SIGNET JEWELERS LIMITED, et al., :
:
Defendants. :
:
-----------------------------------------------------------------------X
:
MARIA MIKOLCHAK, :
:
Plaintiff, :
: 17-CV-2845 (JMF)
-v- :
:
SIGNET JEWELERS LIMITED, et al., :
:
Defendants. :
:
-----------------------------------------------------------------------X
:
IRVING FIREMEN'S RELIEF & RETIREMENT :
SYSTEM, :
:
Plaintiff, :
: 17-CV-2846 (JMF)
-v- :
:
SIGNET JEWELERS LIMITED, et al., :
: MEMORANDUM OPINION
Defendants. : AND ORDER
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In a Memorandum Opinion and Order entered on April 14, 2017, the Court concluded that the claims and class period in the Second Amended Complaint in *Dube v. Signet Jewelers Limited*, 16-CV-6728 (JMF), were sufficiently different from those asserted in the original Complaint and

the First Amended Complaint that Lead Plaintiffs Susan Dube and Lyubomir Spasov were required to republish notice under the Private Securities Litigation Reform Act ("PSLRA"). (16-CV-6728 Docket No. 46). The Court ordered Lead Plaintiffs to either republish notice or to file a letter brief addressing whether they should be permitted "to strike the new claims and allegations in both the First and Second Amended Complaints and revert to the claims and allegations in the original Complaint." (*Id.* at 5). On April 21, 2017, Lead Plaintiffs filed a letter motion seeking leave to file a Third Amended Complaint, which would retain the substantive claims from the original Complaint and the First Amended Complaint, but narrow the class period to that in the original Complaint. (16-CV-6728 Docket No. 51). Defendants and Intervenor Irving Firemen's Relief & Retirement System ("IFRRS") filed letters opposing Lead Plaintiffs' application. (16-CV-6728 Docket Nos. 52-53).

Upon review of the parties' submissions, Lead Plaintiffs' motion is DENIED, substantially for the reasons set forth in IFRRS's letter. First, the relief Lead Plaintiffs seek was expressly foreclosed in the Court's earlier Memorandum Opinion and Order. In that opinion, the Court explicitly rejected Lead Plaintiffs' alternative request to revert to the claims alleged in the First Amended Complaint, reasoning that the "proposal does not go far enough . . . because the changes between the original Complaint and the First Amended Complaint were substantial enough in their own right to warrant republication." (16-CV-6728 Docket No. 46, at 4). "Thus," the Court concluded, "the *only* possible way for Lead Plaintiffs to avoid the need for republication (and the revisiting of the lead plaintiff and lead counsel selection that might follow) is to revert to the claims and allegations in the original Complaint, which formed the basis for the original PSLRA notice." (*Id.* (emphasis added)). In that respect, Lead Plaintiffs' motion for leave to amend amounts to a

2

motion for reconsideration. Yet, Lead Plaintiffs do not even attempt to explain, let alone actually explain, how they meet the rigorous standards for reconsideration. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (internal quotation marks, citations, and alterations omitted)).

Second, the nature of the proposed amendments leads to an inference that it is motivated primarily by a desire for Lead Plaintiffs to remain lead plaintiffs and Co-Lead Counsel to remain co-lead counsel than anything else, and thus is made in bad faith. For example, "despite the fact that the *Dube* Lead Plaintiffs have already filed two complaints acknowledging that investors prior to January 7, 2016 have a valid claim for securities fraud for at least *ten* false and/or misleading statements made during that time regarding the quality of Signet's credit portfolio, the *Dube* Lead Plaintiffs are now contending that those pre-January 7, 2016 Signet investors should not be allowed to pursue those claims at all." (16-CV-6728 Docket No. 53, at 2 (footnote and emphasis omitted)). Such actions are "clearly adverse to a substantial portion of the class" and, if allowed, could jeopardize Lead Plaintiffs' later ability to obtain class certification. (*Id.*).

Thus, the Court adheres to its prior conclusions and denies Lead Plaintiffs' motion for leave to amend the operative Second Amended Complaint. Instead, Lead Plaintiffs shall republish notice in this action to reflect the asserted class and class periods in the Second Amended Complaint, after which the Court will revisit the question of who should be appointed as lead plaintiff and lead

counsel under the PSLRA.  Typically, plaintiffs are required to publish PSLRA notice no more than twenty days after a complaint is filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Taking its cue from that provision, the Court orders that, no later than **May 24, 2017**, Lead Plaintiffs shall advise the Court in writing of the date and manner in which they published notice.

One issue remains: the fact that this Court is now presiding over three cases involving similar facts and claims.  On April 20, 2017, two lawsuits that raise claims similar to those asserted in the Second Amended Complaint were transferred to this Court from the United States District Court for the Northern District of Texas: *Irving Firemen's Relief & Retirement System v. Signet Jewelers Limited, et al.*, 17-CV-2845, and *Maria Mikolchak v. Signet Jewelers Limited, et al.*, 17-CV-2846.  As of this Order, no motion for consolidation has been filed, but the Court accepted the two new cases as related to 16-CV-6728, and the cases appear to involve certain common questions of law and fact.  Accordingly, the parties in each case are directed to file letters no later than **May 11, 2017**, not to exceed three single-spaced pages each, indicating their views on whether the cases should be consolidated.  If the parties do not file letters opposing consolidation, the Court intends to consolidate the three cases without further notice to the parties.

The Clerk of Court is directed to terminate 16-CV-6728 Docket No. 51.

SO ORDERED.

Dated: May 4, 2017
      New York, New York

                                                    JESSE M. FURMAN
                                                    United States District Judge