UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

*In re Signet Jewelers Limited*
*Securities Litigation*

Case No. 16-CV-6728 (CM)

-------------------------------------------------------

CIVIL CASE MANAGEMENT PLAN

McMahon, C.J.:

1.      This case is to be tried to a jury.

2.      Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by January 25, 2019.

3.      Defendants shall answer the Fifth Amended Class Action Complaint by February 15, 2019.

4.      No additional parties may be joined after March 1, 2019.

5.      The following deadlines shall apply to Lead Plaintiff's motion to certify the putative class in this action:

  a.      Lead Plaintiff shall move to certify the class by March 15, 2019.

  b.      Defendants shall file their opposition, if any, by June 14, 2019.

  c.      Lead Plaintiff shall file its reply, if any, by July 26, 2019.

6.      Documents shall be produced on a rolling basis. Production of documents responsive to requests served by December 21, 2018 shall be complete by August 16, 2019.

7.      No pleading may be amended after August 16, 2019.

8.      All fact discovery (including depositions) must be concluded by January 17, 2020.

9.      Expert discovery (including expert depositions) must be completed by April 17, 2020.

  a.      The parties shall identify expert witnesses on issues for which they have the burden of proof by January 17, 2020.

  b.      Reports offered by expert witnesses for all parties on issues for which they have the burden of proof shall be submitted by February 7, 2020.

    c.       Rebuttal expert reports shall be submitted by <u>March 6, 2020</u>.

    d.       Reply expert reports, if any, shall be submitted by <u>March 20, 2020</u>.

10.    Judge McMahon's rules governing electronic discovery are automatically in force in this case and can be found at http://nysd.uscourts.gov/judge/Mcmahon. The parties must comply with those rules unless they supersede it with a consent order.

11.    Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is Judge Ronald L. Ellis.

    a.       The first time there is a discovery dispute that counsel cannot resolve on their own, file a letter to Chambers via ECF and ask for an order of reference to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon.

    b.       Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases.

    c.       **The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.** Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

12.    The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

13.    The following deadlines shall apply to any motions for summary judgment filed by any party to this case:

    a.       Any motion for summary judgment, if any, shall be filed by <u>March 27, 2020</u>.

    b.       Any opposition to any motion for summary judgment, if any, shall be filed by <u>May 8, 2020</u>.

    c.       Any reply in support of a motion for summary judgment, if any, shall be filed by <u>May 29, 2020</u>.

14.    A joint pretrial order in the form prescribed in Judge McMahon's Individual Rules, together with all other pretrial submissions required by those rules (not including *in limine* motions), shall be submitted on or before <u>June 26, 2020</u>.

    a.       Following submission of the joint pretrial order, counsel will be notified of the date of the final pretrial conference.

      b.      *In limine* motions must be filed within **five days** of receiving notice of the final pretrial conference; responses to *in limine* motions are due **five days** after the motions are made. Cases may be called for trial at any time following the final pretrial conference.

      c.      For bench trials, see Judge McMahon's special rules for bench trials in the Individual Rules.

15.      No motion for summary judgment may be served after the date the pretrial order is due. **The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order and other pretrial submissions on the assigned date.**

16.      This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. **Counsel should not assume that extensions will be granted as a matter of routine.**

Dated:  January 3, 2019

      New York, New York


Upon consent of the parties:
[signatures of all counsel]

| | |
|---|---|
| /s/ John Rizio-Hamilton | /s/ Joseph S. Allerhand |
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | WEIL, GOTSHAL & MANGES LLP |
| 1251 Avenue of the Americas | 767 Fifth Avenue |
| New York, NY 10020 | New York, NY 10153 |
| *Counsel for Lead Plaintiff* | *Counsel for Defendants* |

      SO ORDERED:


      Hon. Colleen McMahon
      Chief U.S. District Judge