

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/19

BY ECF

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Joseph S. Allerhand**
+1 (212) 310-8725
joseph.allerhand@weil.com

November 20, 2019

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

[Handwritten endorsement: 11/21/2019 As long as this appeal is proceeding on an expedited basis, I will grant the stay. CMcM]

**MEMO ENDORSED**

Re: *In re Signet Jewelers Limited Securities Litigation*, 16-cv-6728 (CM) (SDA) (S.D.N.Y.)

Dear Chief Judge McMahon,

I write on behalf of all the parties. Yesterday, the Second Circuit granted defendants' Rule 23(f) petition for permission to appeal this Court's class certification ruling. As explained below, the parties respectfully request a stay of the ongoing pretrial proceedings (expert discovery, summary judgment, preparation of the pretrial order, *in limine* motions, *Daubert* motions) until the Second Circuit decides the pending appeal.

Your Honor has discretion to stay this proceeding while the Rule 23(f) appeal is pending. Fed. R. Civ. P. 23(f). Courts routinely stay proceedings pending Rule 23(f) review. *E.g.*, Order #109, *Waggoner v. Barclays*, No. 16-1912 (2d Cir. Sept. 7, 2016); Order #169, *Universities Superannuation Scheme Ltd. v. Petroleo Brasileiro S.A. Petrobras*, No. 16-1914 (2d Cir. Aug. 2, 2016); Order #239, *In re Goldman Sachs Grp., Inc., Sec. Litig.*, No. 10-cv-3461 (S.D.N.Y. Jan. 23, 2019); Order #133, *N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (S.D.N.Y. May 12, 2011).

Such a stay will conserve judicial resources, save the parties many millions of dollars in legal fees and expert and other costs, and avoid a potential "redo" of the ongoing work depending on the outcome of the appeal. For example, the parties have collectively retained *fifteen* experts, all of whom are scheduled to be deposed by December 13. Summary judgment motions, due December 19, are likely to address both claims in the case (credit/reserve claims and claims related to alleged sexual misconduct and the *Jock* proceeding), as will *Daubert* motions and other *in limine* motions. And the pretrial order, requests to charge, proposed jury examination, and draft verdict form, due March 18, will obviously address both claims at length and consume a substantial amount of judicial and party resources.

All of these proceedings will take place before the Second Circuit rules, will be extremely costly, and will occupy this Court's resources—yet some or all of the work may be rendered unnecessary or may need to be redone depending on the outcome of the appeal.

The parties have also agreed to an expedited briefing schedule for the appeal: defendants will file their appeal brief around mid-January, plaintiff will have comparable time to respond, and defendants' reply

Hon. Colleen McMahon
November 20, 2019
Page 2

**Weil, Gotshal & Manges LLP**

will be due three weeks later under the rules. That will limit the delay occasioned by the Second Circuit's review, while saving the parties and the Court from needless expense and effort.

For these reasons, the parties respectfully request a stay of this action pending the Second Circuit's ruling on the interlocutory appeal. Additionally, given that the parties will incur significant (but potentially unnecessary) expert expenses over the next three weeks, we respectfully seek a ruling on this request at Your Honor's earliest convenience.

The parties appreciate the Court's attention to this matter and would be happy to respond to any concerns raised by this request.

Respectfully submitted,

s/ Joseph S. Allerhand
Joseph S. Allerhand