# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of March 16, 2020 (the "Stipulation") is entered into between (a) lead plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the Class (defined below); and (b) defendant Signet Jewelers Limited (together with its affiliates, subsidiaries, and divisions, including Sterling Jewelers, Inc., "Signet" or the "Company") and defendants Michael Barnes, Virginia Drosos, Mark Light, Ronald Ristau, and Michele Santana (collectively, the "Individual Defendants," and, together with Signet, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      In August 2016, plaintiffs Susan Dube and Lyubomir Spasov filed class action complaints in the United States District Court for the Southern District of New York (the "Court"), styled *Dube v. Signet Jewelers Limited, et al.*, Case No. 16-CV-6728 (JMF) and *Spasov v. Signet Jewelers Limited, et al.*, Case No. 16-CV-6861 (JMF), respectively, alleging violations of the federal securities laws.  The *Dube* and *Spasov* actions were brought on behalf of investors that acquired Signet securities during the period between January 7, 2016 and June 3, 2016, inclusive, and encompassed allegations that defendants misled investors by failing to disclose that the Company was having difficulty ensuring the safety of customers' jewelry while in the custody of Signet's retail stores for repairs, which included allegations regarding "diamond swapping" by employees at its Kay Jewelers stores.

B.      By Order entered September 16, 2016, the Court consolidated the *Dube* and *Spasov* actions under case number 16-CV-6728, and by Order entered November 21, 2016, the Court appointed plaintiffs Dube and Spasov as lead plaintiffs in the consolidated action.

C.      On January 30, 2017, plaintiffs Dube and Spasov filed an Amended Class Action Complaint for Violations of Federal Securities Laws (the "First Amended Complaint"), and on April 3, 2017, plaintiffs Dube and Spasov filed a Second Amended Class Action Complaint for Violations of Federal Securities Laws (the "Second Amended Complaint").  The Second Amended Complaint included an expanded class period covering the period between August 29, 2013 and February 27, 2017, inclusive, and alleged two new theories of securities fraud (in addition to the diamond-swapping allegations); namely, that Signet misled investors about (1) the quality of its credit portfolio during the class period; and (2) risks to its reputation from an alleged pervasive culture of sexual harassment.

D.      On April 14, 2017, the Court entered a Memorandum Opinion and Order in which the Court determined that the claims and class period in the Second Amended Complaint were sufficiently different from those asserted in the original *Dube* complaint and the First Amended Complaint and that plaintiffs Dube and Spasov were accordingly required to republish notice under the PSLRA, after which the Court would revisit the question of who should be appointed as lead plaintiff and lead counsel under the PSLRA.

E.      On July 5, 2017, following republication of the PSLRA notice, MissPERS, the Norfolk County Council as Administering Authority of the Norfolk Pension Fund (the "Norfolk Pension Fund"), and Heather Salway ("Salway") filed competing motions for appointment as lead plaintiff.  On July 18, 2017, Salway withdrew her application, leaving only the applications of MissPERS and the Norfolk Pension Fund.

F.      On July 27, 2017, the Court entered an Order appointing MissPERS as Lead Plaintiff and approving MissPERS's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

G.      On September 29, 2017, MissPERS filed the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Third Amended Complaint") asserting claims against defendants Signet; Michael Barnes ("Barnes"), Signet's former Chief Executive Officer ("CEO"); Ronald Ristau ("Ristau"), Signet's former Chief Financial Officer ("CFO"); Mark Light ("Light"), Signet's former CEO; and Michele Santana ("Santana"), Signet's CFO.  The Third Amended Complaint covered a putative class period of August 29, 2013 through May 24, 2017, and asserted substantially similar claims to the Second Amended Complaint except that it omitted claims based on defendants' alleged misstatements concerning alleged diamond-swapping.

H.    On December 1, 2017, defendants Signet, Barnes, Ristau, Light, and Santana filed a motion to dismiss the Third Amended Complaint.

I.    On December 4, 2017, following additional disclosures from Defendants, the Court entered an Order permitting Lead Plaintiff to amend the Third Amended Complaint as of right, and on December 22, 2017, Lead Plaintiff filed its Fourth Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Fourth Amended Complaint") asserting claims against defendants Signet, Barnes, Ristau, Light, Santana, and Virginia Drosos ("Drosos"), Signet's current CEO (collectively, "Defendants"). The Fourth Amended Complaint asserted substantially the same claims as the Third Amended Complaint for an expanded class period of August 28, 2013 through December 1, 2017, to incorporate additional alleged corrective disclosures.

J.    On January 26, 2018, Defendants filed their motion to dismiss the Fourth Amended Complaint. On February 23, 2018, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss the Fourth Amended Complaint, and, on March 9, 2018, Defendants filed their reply papers.

K.    On March 16, 2018, Lead Plaintiff filed a letter motion requesting leave to amend the Fourth Amended Complaint to add factual allegations concerning new disclosures made by Signet on March 14, 2018 regarding Signet's sale of the subprime portion of its credit portfolio. On March 20, 2018, the Court entered an Order granting Lead Plaintiff leave to file the Fifth Amended Complaint.

L.    On March 22, 2018, Lead Plaintiff filed the Fifth Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Fifth Amended Complaint" or "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934

(the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Barnes, Drosos, Light, Ristau, and Santana under Section 20(a) of the Exchange Act.  The Complaint alleged that Defendants violated the federal securities laws based on two categories of false or misleading statements and omissions: (1) Defendants' statements about the Company's lending operation and loan portfolio, which included repeated representations to investors that Signet was a "prudent" lender that made high-quality loans according to "stringent" credit criteria while, allegedly unbeknownst to investors, Signet engaged in reckless underwriting and built a large portfolio of high-risk subprime loans that caused the Company to incur significant losses; and (2) Defendants' statements in its codes of conducts and ethics, Signet's description of a long-running employment arbitration in its public filings, and certain risk disclosures in Signet's public filings, which were allegedly rendered misleading because of allegations of sexual harassment at Signet.  The Complaint further alleged that the price of Signet common stock was artificially inflated during the period between August 29, 2013 and March 13, 2018, inclusive, as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth was revealed to the public.

M.     On March 30, 2018, Defendants filed their motion to dismiss the Fifth Amended Complaint.  On April 9, 2018, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss the Fifth Amended Complaint, and, on April 13, 2018, Defendants filed their reply papers.

N.     On May 23, 2018, the Action was reassigned from the Honorable Jesse Furman to the Honorable Colleen McMahon.

O.     On November 26, 2018, the Court entered its Decision and Order substantially denying Defendants' motion to dismiss the Complaint.

P.      On February 15, 2019, each of the Defendants filed and served their Answer, Defenses, and Affirmative Defenses to the Complaint.

Q.      On March 15, 2019, Lead Plaintiff filed its motion for class certification and supporting papers (the "Class Certification Motion").  Defendants filed their memorandum of law and supporting papers in opposition to Lead Plaintiff's Class Certification Motion on April 26, 2019.

R.      On May 9, 2019, Defendants filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure as to Lead Plaintiff's claim in the Fifth Amended Complaint based on statements in Signet's codes of conduct and ethics ("Motion for Judgment on Pleadings").

S.      On May 17, 2019, Lead Plaintiff filed its reply memorandum of law and supporting papers in further support of the Class Certification Motion.

T.      On May 23, 2019, Lead Plaintiff filed its memorandum of law in opposition to Defendants' Motion for Judgment on Pleadings, and on May 30, 2019, Defendants filed their reply papers in support of the Motion for Judgment on Pleadings.

U.      On June 11, 2019, the Court denied Defendants' Motion for Judgment on Pleadings. On June 18, 2019, Defendants filed a motion for reconsideration of the Court's denial of the Motion for Judgment on Pleadings ("Motion for Reconsideration").  On June 20, 2019, the Court entered a Decision and Order denying Defendants' Motion for Reconsideration.

V.      On June 21, 2019, Defendants filed their supplemental memorandum of law further opposing Lead Plaintiff's Class Certification Motion.

W.      On July 10, 2019, the Court entered its Decision and Order Granting Plaintiff's Motion for Class Certification ("Class Certification Order") in part.   The Court's Class

Certification Order certified a class consisting of all persons and entities who purchased or otherwise acquired Signet common stock from August 29, 2013 to May 25, 2017.

X.       Discovery in the Action commenced in December 2018.  Lead Plaintiff prepared and served initial disclosures and requests for production of documents on Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served document subpoenas on 16 third parties.  Defendants and third parties produced a total of nearly 4 million pages of documents to Lead Plaintiff, and Lead Plaintiff produced nearly 200,000 pages of documents to Defendants in response to their requests.  31 depositions were taken in the Action, which included depositions of representatives of Lead Plaintiff and depositions of each side's expert witnesses taken in connection with Lead Plaintiff's Class Certification Motion.

Y.       On July 24, 2019, Defendants filed a petition, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure (the "Rule 23(f) Petition"), for leave to appeal the Court's Class Certification Order to the United States Court of Appeals for the Second Circuit.  On August 5, 2019, Lead Plaintiff opposed Defendants' Rule 23(f) Petition.  On November 19, 2019, the Second Circuit granted Defendants' Rule 23(f) Petition.

Z.       In September 2019, Lead Plaintiff submitted six opening expert reports.  On October 25, 2019 and November 15, 2019, Defendants submitted nine rebuttal expert reports.  On November 6, 11, and 13, Lead Plaintiff submitted five reply expert reports.

AA.     The Parties began exploring the possibility of a settlement in September 2019.  The Parties agreed to engage in private mediation and retained retired United States District Court Judge Layn R. Phillips to act as mediator in the Action (the "Mediator").  Pursuant to a schedule set by the Mediator, the Parties exchanged mediation statements on November 1, 2019, and

participated in three full-day mediation sessions in New York on November 18, 2019, December 9, 2019, and January 7, 2020.

BB.    After extensive negotiation throughout the months-long mediation process, following the January 7, 2020 mediation session, the Mediator issued a mediator's recommendation that the Action be settled for $240,000,000 in cash, which the Parties conditionally accepted subject to approvals by the Mississippi Attorney General and Signet's Board of Directors, which were subsequently obtained.

CC.    On January 16, 2020, the Parties filed a joint stipulation, pursuant to Second Circuit Local Rule 42.1, withdrawing Defendants' pending Rule 23(f) appeal without costs or attorneys' fees. That joint stipulation, which was so-ordered by the Clerk of the Second Circuit Court of Appeals on January 16, 2020, permits Defendants to reinstate the appeal by filing written notice with the Clerk of the Second Circuit Court of Appeals, and serving such notice upon Lead Plaintiff, by August 28, 2020.

DD.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties in connection with the Settlement reached by the Parties.

EE.    Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class

will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

FF.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728-CM-SDA, and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in a distribution of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)      "Class" means the class certified in the Court's July 10, 2019 Decision and Order Granting Plaintiff's Motion for Class Certification (ECF No. 177).  Specifically, the Class

includes all persons and entities who purchased or otherwise acquired Signet Jewelers Limited common stock during the period from August 29, 2013 to May 25, 2017 (the "Class Period") and who were allegedly damaged thereby.   Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Signet during the Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Signet; (v) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.   Notwithstanding the foregoing, any Signet employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any Signet employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(i)      "Class Members" means each person or entity who or which is a member of the Class.

(j)      "Class Period" means the period from August 29, 2013 to May 25, 2017.

(k)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)      "Complaint" or "Fifth Amended Complaint" means the Fifth Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff in the Action on March 22, 2018.

(m)     "Court" means the United States District Court for the Southern District of New York.

(n)     "Defendants" means Signet and the Individual Defendants.

(o)     "Defendants' Counsel" means Weil, Gotshal & Manges LLP.

(p)     "Defendants' Releasees" means each and all of the following: (a) each and every Defendant; (b) Defendants' respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, Immediate Family Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), reinsurers, bankers, consultants, attorneys, accountants, and auditors, in their respective capacities as such; and (c) any entity in which any Defendant has or had a controlling interest.

(q)     "Directors and Officers Liability Program Insurers" means the insurers that are paying a portion of the Settlement Amount as set forth herein.

(r)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

(s)     "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)     "Escrow Agent" means Citibank, N.A.

(u)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Excluded Defendants' Claims" means (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

(w)    "Excluded Plaintiff's Claims" means (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in any derivative action, including, without limitation, the claims asserted in *Aungst v. Light, et al.*, No. CV-2017-3665 (Ct. Com. Pl. Summit Cty. Ohio) or any cases consolidated into that action; (iii) any claims asserted in *Benedict v. Signet Jewelers Ltd. et. al.*, No. 18-004896-CB (Cir. Ct. Wayne Cty. Mich.) or any cases consolidated into that action; (iv) any claims asserted in any ERISA action; (v) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; and (vi) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(x)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is

13

granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(y)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(z)     "Individual Defendants" means Michael Barnes, Virginia Drosos, Mark Light, Ronald Ristau, and Michele Santana.

(aa)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(bb)     "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(cc)     "Lead Plaintiff" means the Public Employees' Retirement System of Mississippi.

(dd)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(ee)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

(iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(ff)     "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed or emailed to Class Members.

(gg)     "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(hh)     "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ii)     "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(jj)     "Persons" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, government agency, political subdivision, or any business or legal entity.

(kk)     "Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Class in the Action.

(ll)    "Plaintiff's Releasees" means each and all of the following: (a) each and every Class Member (including, without limitation, Lead Plaintiff) and their respective counsel (including, without limitation, Plaintiff's Counsel); (b) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, Immediate Family Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, reinsurers, bankers, consultants, attorneys, accountants, and auditors of each and every Class Member and their respective counsel, in their respective capacities as such; and (c) any entity in which any Class Member or their respective counsel has or had a controlling interest.

(mm)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(nn)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(oo)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(qq)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that are based upon, arise out of, relate to, or concern the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.

Released Defendants' Claims do not include, settle, or release any of the Excluded Defendants' Claims.

(rr)    "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) Lead Plaintiff or any other member of the Class asserted in the Fifth Amended Complaint or any prior complaint filed in this Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere), including any such claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements by Defendants during the Class Period, that arise out of or are based upon the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Fifth Amended Complaint or any prior complaint filed in this Action and (b) relate to the purchase or acquisition of Signet Jewelers Limited common stock during the Class Period.  Released Plaintiff's Claims do not include, settle, or release any of the Excluded Plaintiff's Claims.

(ss)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(tt)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(uu)    "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(vv)    "Settlement Amount" means $240,000,000 (USD) in cash.

(ww)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)    "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)    "Signet" or the "Company" means Signet Jewelers Limited and its affiliates, subsidiaries, and divisions, including Sterling Jewelers, Inc.

(zz)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb)   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive,

and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants provided that it is consistent with this Stipulation. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.     From the date of this Stipulation through the Effective Date of the Stipulation, Lead Plaintiff and its counsel agree, other than for those matters necessary to implement and effectuate the Settlement itself: (a) not to take any steps to prosecute any of the Released Plaintiff's Claims against any of the Defendants' Releasees; and (b) not to initiate or participate in any proceedings asserting any of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## <u>RELEASE OF CLAIMS</u>

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

9.     The Parties intend the Settlement Amount to constitute complete restitution to Class Members for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees.  The Settlement Amount represents the entirety of the Defendants' Releasees' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses awarded to Plaintiff's Counsel, Notice and Administration Costs, and Taxes of any kind whatsoever associated with the Settlement.  The payment of the Settlement Amount into the Escrow Account by Signet and its Directors and Officers Liability Program Insurers in accordance with ¶ 8 above fully discharges the Defendants' Releasees' financial obligations under this Stipulation and in connection with the Settlement, meaning that no Defendants' Releasees shall have any other obligation to make any payment into the Escrow

Account or to any Class Member under this Stipulation or in connection with this Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants' Releasees under this Stipulation exceed the Settlement Amount.

## USE OF SETTLEMENT FUND

10.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-34 below.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by

the full faith and credit of the United States.  Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions by the Escrow Agent.

12.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants'

Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims (defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

16.     The Defendants' Releasees and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement

Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19.     Other than Defendants' obligation to fund the Settlement Amount, Lead Plaintiffs, Lead Counsel, and the Class Members shall have no recourse against the Defendants' Releasees for the payment of any attorneys' fees or Litigation Expenses in connection with this Action.

20.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Signet's obligation to provide its security lists as provided in ¶ 22 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members, or Lead Counsel in connection with the foregoing.  Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purpose of providing notice to the Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Signet shall use its best efforts to provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) transfer and other records identifying potential Class Members.

23.     Upon receiving any request(s) for exclusion pursuant to the Notice, Lead Counsel shall use its best efforts to promptly notify Defendants' Counsel of such request(s) for exclusion. No later than five (5) calendar days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Fairness Hearing, whichever is earlier, provided they are timely received, Lead Counsel shall provide Defendants' Counsel with copies of such request(s) for exclusion and any documentation accompanying them by email.  Lead Plaintiff, Lead Counsel, and other counsel for Lead Plaintiff shall not act to encourage Class Members to exclude themselves from the Class.

24.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

25.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

26.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel

may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Any orders or proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be approved by the Court) as well as any appeal therefrom (or appellate ruling) shall not: (a) operate to modify, terminate, or cancel this Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternative Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiff and the other Class Members), or any of their counsel, to cancel, terminate, or withdraw from the Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action provided that such plan is consistent with this Stipulation.  No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

27.     Any Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Notwithstanding the foregoing, Defendants and Defendants' Releasees may confidentially obtain copies of a Claimant's Claim if necessary to enforce any and all terms of the Settlement.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

29.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's alleged loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the

Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds

for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits, prosecution, or defense of this Action or of the Settlement in connection with the processing of Claims.

31.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

33.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

34.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Signet has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to the Supplemental Agreement described in ¶ 40 below);

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiff nor Signet seeks to terminate the Settlement and the Alternate Judgment has become Final.

37.     Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.     If (i) Signet exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of this Stipulation.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 15, 18, 42-43, and 62-63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent directly to Signet and directly to the Directors and Officers Liability Program Insurers in proportion to their contributions to the Settlement Amount as directed by Defendants' Counsel.  In the event that the funds received by Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent directly to Signet and directly to the Directors and Officers Liability Program Insurers in proportion to their contributions to the Settlement Amount as directed by Defendants' Counsel, immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.

39.     It is further stipulated and agreed that Lead Plaintiff and Signet shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of:

(a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 38 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for an award of attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

40.     In addition to the grounds set forth in ¶ 39 above, Signet shall have the right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Signet's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Signet concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

41. In addition to the grounds set forth in ¶ 39 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

42. Defendants expressly deny any liability with respect to the matters alleged in the Complaint. Defendants have denied and continue to deny, *inter alia*, that Lead Plaintiff and Class Members have suffered any damages alleged in the Complaint; that the price of Signet common stock was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; that Defendants made any alleged material misrepresentation or omission; or that the alleged harm suffered by Lead Plaintiff and other Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

43. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      (b)    shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

38

*provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

44.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

45.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.  In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation

as provided in ¶ 38 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 38 above.

46.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims.  No Party will deny that the Action was commenced, litigated, and resolved in good faith and in a manner that comports with Rule 11.  No Party will assert any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the litigation of this Action, including, but not limited to, the institution, prosecution, defense, or settlement of the Action, although by refraining from asserting such a violation, Defendant Mark Light will not be deemed to endorse or agree that the prosecution of the Action complied with Rule 11.  No Party will object to any finding by the Court in the Judgment or otherwise that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action, although by refraining from objecting, Defendant Mark Light will not be deemed to endorse or agree with any such finding. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Honorable Layn R. Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

47.     Defendants and their counsel retain their right to deny that the claims asserted in the Action were meritorious.  For the avoidance of doubt, Defendant Mark Light and his counsel may continue to assert that the allegations of sexual misconduct against him were not true.  Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged, to the media or otherwise.

48.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

49.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

51.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations,

warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

53.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

54.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

55.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

60.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  johnr@blbglaw.com |
| If to Defendants: | Weil, Gotshal & Manges LLP<br>Attn:  Joseph S. Allerhand, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Email:  joseph.allerhand@weil.com |

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

63.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 16, 2020.

> **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
>
> By: _____
>
> John Rizio-Hamilton
> Rebecca E. Boon
> 1251 Avenue of the Americas
> New York, NY 10020
> Telephone: (212) 554-1400
> Facsimile:  (212) 554-1444
>
> *Lead Counsel for Lead Plaintiff the Public Employees' Retirement System of Mississippi and the Class*

**WEIL, GOTSHAL & MANGES LLP**

By: _____

    Joseph S. Allerhand
    Robert F. Carangelo
    Stacy Nettleton
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for Defendants Signet Jewelers Limited,*
*Michael Barnes, Virginia Drosos, Mark Light,*
*Ronald Ristau, and Michele Santana*

#1355180

# EXHIBIT A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728-CM-SDA (the "Action");

WHEREAS, (a) lead plaintiff Public Employees Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the class certified by the Court in its Decision and Order Granting Plaintiff's Motion for Class Certification dated July 10, 2019 (ECF No. 177) (the "Class," as defined below); and (b) defendants Signet Jewelers Limited (together with its affiliates, subsidiaries, and divisions, including Sterling Jewelers, Inc., "Signet" or the "Company"), Michael Barnes, Virginia Drosos, Mark Light, Ronald Ristau, and Michele Santana (collectively, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 16, 2020 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **The Certified Class** – The "Class" means the class certified in the Court's Decision and Order Granting Plaintiff's Motion for Class Certification dated July 10, 2019 (ECF No. 177), consisting of all persons and entities who purchased or otherwise acquired Signet Jewelers Limited common stock during the period from August 29, 2013 to May 25, 2017 (the "Class Period") and who were allegedly damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Signet during the Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Signet; (v) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Notwithstanding the foregoing, any Signet employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any Signet employee

retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.  Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

3.    **Settlement Fairness Hearing** – The Court will hold a settlement hearing (the "Settlement Fairness Hearing") on _____, 2020 at __:__ _.m. in Courtroom 24A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

3

4.      The Court may adjourn the Settlement Fairness Hearing or decide to hold the Settlement Fairness Hearing telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a)      Not later than five (5) business days after the date of entry of this Order, Signet shall use its best efforts to provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) transfer and other records identifying potential Class Members;

(b)      not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Class Members at the addresses set forth in the records provided by Signet or in the records which Signet caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to

be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform

Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Signet common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.      **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause

to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

9.     **<u>Participation in the Settlement</u>** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be permanently barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to:   Signet Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91189, Seattle, WA 98111, with a copy emailed to both Lead Counsel at johnr@blbglaw.com and Defendants' Counsel at joseph.allerhand@weil.com and stacy.nettleton@weil.com, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728-CM-SDA"; (iii) state the

number of shares of Signet common stock that the person or entity requesting exclusion: (A) owned as of the opening of trading on August 29, 2013; (B) purchased/acquired and/or sold during the period from August 29, 2013 through and including the close of trading on August 22, 2017, including the dates, number of shares, and prices of each purchase/acquisition and sale of Signet common stock during this period; and (C) owned as of the close of trading on August 22, 2017; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional information or documentation sufficient to prove his, her, or its holdings and trading in Signet common stock.

13.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims

against any of the Defendants' Releasees, as more fully described in the Stipulation and the Notice.

15.     **Appearance and Objections at Settlement Fairness Hearing** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the mailing addresses and email addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

16.     Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served such objection on Lead Counsel and Defendants' Counsel at the mailing addresses set forth below, with a copy emailed to both Lead Counsel at johnr@blbglaw.com and Defendants' Counsel at joseph.allerhand@weil.com and stacy.nettleton@weil.com, such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

10

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Weil, Gotshal & Manges LLP |
| John Rizio-Hamilton, Esq. | Joseph S. Allerhand, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 767 Fifth Avenue |
| New York, NY 10020 | New York, NY 10153 |

17.    Any objections, filings, and other submissions by the objecting Class Member must clearly identify the case name and civil action number, *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, including documents showing the number of shares of Signet common stock that the objecting Class Member: (i) owned as of the opening of trading on August 29, 2013 and (ii) purchased/acquired and/or sold during the Class Period, including the dates, number of shares, and prices of each purchase/acquisition and sale of Signet common stock during the Class Period.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the

Settlement Fairness Hearing through counsel must also identify that counsel by name, address, and telephone number.

18. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

20. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

24.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any

way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that, notwithstanding the foregoing, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

14

26.   **<u>Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

_____
Chief Judge Colleen McMahon

#1354637

# EXHIBIT A-1

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period from August 29, 2013 to May 25, 2017 (the "Class Period"), you purchased or otherwise acquired Signet Jewelers Limited ("Signet" or the "Company") common stock and were allegedly damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiff, the Public Employees' Retirement System of Mississippi ("MissPERS" or "Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 28 below), has reached a proposed settlement of the Action for $240,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 91 below).**

1.   **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Signet, Michael Barnes, Virginia Drosos, Mark Light, Ronald Ristau, and Michele Santana (collectively, "Defendants") violated the federal securities laws by making false and

---

[1]   All capitalized terms used in this Notice that are not otherwise defined in this Notice have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 16, 2020 (the "Stipulation"), which is available at www.SignetSecuritiesLitigation.com.

misleading statements regarding Signet's business during the Class Period. A more detailed description of the Action is set forth in ¶¶ 11-27 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 28 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for $240,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 55-75 below. The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Class.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of Signet common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described in this Notice) is $1.95 per affected share of Signet common stock. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Signet common stock, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice (*see* ¶¶ 55-75 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel have been prosecuting the Action on a wholly contingent basis since 2017, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund, net of Court-approved Litigation Expenses. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $4,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.51 per affected share of Signet common stock.

6. **Identification of Attorneys' Representative**:  Lead Plaintiff and the Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement**:  Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2020.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 37 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Net Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **PARTICIPATE IN A HEARING ON _____, 2020 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | Filing a written objection and notice of intention to appear by _____, 2020 allows you to speak in Court, at the discretion of the Court, either in person or telephonically as required or allowed by the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Net Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                          Page [___]
What Is This Case About?                                                            Page [___]
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                                Page [___]
What Are Lead Plaintiff's Reasons For The Settlement?                               Page [___]
What Might Happen If There Were No Settlement?                                      Page [___]
How Are Class Members Affected By The Action And The Settlement?                    Page [___]
How Do I Participate In The Settlement?  What Do I Need To Do?                       Page [___]
How Much Will My Payment Be?                                                        Page [___]
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                               Page [___]
What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself?                                    Page [___]
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak At
    The Hearing If I Don't Like The Settlement?                 Page [___]
What If I Bought Shares On Someone Else's Behalf?                                    Page [___]
Can I See The Court File?  Whom Should I Contact If I Have Questions?                Page [___]

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Signet common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of

Litigation Expenses (the "Settlement Fairness Hearing").  *See* ¶¶ 81-82 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.   Signet is a jewelry retailer that owns thousands of jewelry stores in North America and the United Kingdom, including Kay Jewelers, Jared, and Zales.  Through an in-house financing program, Signet extended credit to its customers for their jewelry purchases during the Class Period. In this Action, Lead Plaintiff alleges that, throughout the Class Period, Defendants made a series of materially misleading statements and omissions about (i) the quality of Signet's credit portfolio for its in-house financing program and (ii) allegations concerning sexual harassment at Signet.  Lead Plaintiff further alleges that the Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

12.   By Order dated July 27, 2017, the Court appointed MissPERS as Lead Plaintiff in this Action and approved MissPERS's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

13.   On March 22, 2018, Lead Plaintiff filed the Fifth Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Fifth Amended Complaint" or "Complaint"), which is the operative complaint in the Action.  The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Barnes, Drosos, Light, Ristau, and Santana (collectively, the "Individual Defendants") under Section 20(a) of the Exchange Act.  The Complaint alleged that Defendants violated the federal securities laws based on the two categories of false or misleading statements and omissions noted above. The Complaint further alleged that the price of Signet common stock was artificially inflated during the period between August 29, 2013 and March 13, 2018, inclusive, as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the alleged truth was revealed to the public.

14.   On March 30, 2018, Defendants filed their motion to dismiss the Complaint, which was fully briefed on April 13, 2018.

15.   On November 26, 2018, the Court entered its Decision and Order substantially denying Defendants' motion to dismiss the Complaint.

16.   On March 15, 2019, Lead Plaintiff filed its motion for class certification and supporting papers (the "Class Certification Motion"), which was fully briefed on June 21, 2019.

17.   On May 9, 2019, Defendants filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure as to Lead Plaintiff's claim in the Complaint based on statements in Signet's codes of conduct and ethics ("Motion for Judgment on Pleadings"), which was fully briefed on May 30, 2019.

18.   On June 11, 2019, the Court denied Defendants' Motion for Judgment on Pleadings. On June 18, 2019, Defendants filed a motion for reconsideration of the Court's denial of the Motion for

Judgment on the Pleadings ("Motion for Reconsideration").  On June 20, 2019, the Court entered a Decision and Order denying Defendants' Motion for Reconsideration.

19.   On July 10, 2019, the Court entered its Decision and Order Granting Plaintiff's Motion for Class Certification ("Class Certification Order") in part.  The Court's Class Certification Order certified a class consisting of all persons and entities who purchased or otherwise acquired Signet common stock from August 29, 2013 to May 25, 2017.

20.   Discovery in the Action commenced in December 2018.  Lead Plaintiff prepared and served initial disclosures and requests for production of documents on Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served document subpoenas on 16 third parties.  Defendants and third parties produced a total of nearly 4 million pages of documents to Lead Plaintiff, and Lead Plaintiff produced nearly 200,000 pages of documents to Defendants in response to their requests.  31 depositions were taken in the Action, which included depositions of representatives of Lead Plaintiff and depositions of each side's expert witnesses taken in connection with Lead Plaintiff's Class Certification Motion.

21.   On July 24, 2019, Defendants filed a petition, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure (the "Rule 23(f) Petition"), for leave to appeal the Court's Class Certification Order to the United States Court of Appeals for the Second Circuit ("Second Circuit").  On August 5, 2019, Lead Plaintiff opposed Defendants' Rule 23(f) Petition.  On November 19, 2019, the Second Circuit granted Defendants' Rule 23(f) Petition.

22.   In September 2019, Lead Plaintiff submitted six opening expert reports.  On October 25, 2019 and November 15, 2019, Defendants submitted nine rebuttal expert reports.  On November 6, 11, and 13, Lead Plaintiff submitted five reply expert reports.

23.   The Parties began exploring the possibility of a settlement in September 2019.  The Parties agreed to engage in private mediation and retained retired United States District Court Judge Layn R. Phillips to act as mediator in the Action (the "Mediator").  The Parties exchanged detailed mediation statements and participated in three full-day mediation sessions in New York on November 18, 2019, December 9, 2019, and January 7, 2020.

24.   After extensive negotiation throughout the months-long mediation process, following the January 7, 2020 mediation session, the Mediator issued a mediator's recommendation that the Action be settled for $240,000,000 in cash, which the Parties conditionally accepted subject to approvals by the Mississippi Attorney General and Signet's Board of Directors, which were subsequently obtained.

25.   On January 16, 2020, the Parties filed a joint stipulation, pursuant to Second Circuit Local Rule 42.1, withdrawing Defendants' pending Rule 23(f) appeal without costs or attorneys' fees. That joint stipulation, which was so-ordered by the Clerk of the Second Circuit Court of Appeals on January 16, 2020, permits Defendants to reinstate the appeal by filing written notice with the Clerk of the Second Circuit Court of Appeals, and serving such notice upon Lead Plaintiff, by August 28, 2020.

26.   On March 16, 2020, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.SignetSecuritiesLitigation.com.

27.   On _____, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
|:---:|
| **WHO IS INCLUDED IN THE CLASS?** |

28.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class certified by Order of the Court on July 10, 2019 consists of:

> all persons and entities who purchased or otherwise acquired Signet common stock during the period from August 29, 2013 to May 25, 2017 (the "Class Period") and who were allegedly damaged thereby (the "Class").

Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Signet during the Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Signet; (v) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Notwithstanding the foregoing, any Signet employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any Signet employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.  Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH IN THE CLAIM FORM POSTMARKED NO LATER THAN _____, 2020.**

| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |
|:---:|

29.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the potential challenges associated with proving that there were material misstatements and omissions in Defendants' public statements, and establishing significant damages under the securities laws.  Also, at the time the Settlement was reached, Defendants' appeal of the Class Certification Order under Rule 23(f) was pending in the Second Circuit.  If successful, the 23(f) appeal could have resulted in a partial or even complete vacatur of the class certification decision.  If the Parties had not entered into the Settlement, Lead Plaintiff would have to prevail at several additional stages—the 23(f) appeal, summary judgment, a trial, and if it prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks related to the continued prosecution of the claims against Defendants.

30.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and

adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $240,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

31.   Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

32.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED<br>BY THE ACTION AND THE SETTLEMENT? |
| --- |

33.   As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.   If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

35.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

36.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

37.   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, that (a) Lead Plaintiff or any other member of the Class asserted in the Fifth Amended Complaint or any prior complaint filed in this Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere), including any such claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements by Defendants during the Class Period, that arise out of or are based upon the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Fifth Amended Complaint or any prior complaint filed in this Action and (b) relate to the purchase or acquisition of Signet Jewelers Limited common stock during the Class Period. Released Plaintiff's Claims do not include, settle, or release (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in any derivative action, including, without limitation, the claims asserted in *Aungst v. Light, et al.*, No. CV-2017-3665 (Ct. Com. Pl. Summit Cty. Ohio) or any cases consolidated into that action; (iii) any claims asserted in *Benedict v. Signet Jewelers Ltd. et. al.*, No. 18-004896-CB (Cir. Ct. Wayne Cty. Mich.) or any cases consolidated into that action; (iv) any claims asserted in any ERISA action; (v) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; and (vi) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

38.   "Defendants' Releasees" means each and all of the following: (a) each and every Defendant; (b) Defendants' respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, Immediate Family Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), reinsurers, bankers, consultants, attorneys, accountants, and auditors, in their respective capacities as such; and (c) any entity in which any Defendant has or had a controlling interest.

39.   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and

that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 41 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 42 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

41.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that are based upon, arise out of, relate to, or concern the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include, settle, or release (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

42.    "Plaintiff's Releasees" means each and all of the following: (a) each and every Class Member (including, without limitation, Lead Plaintiff) and their respective counsel (including, without limitation, Plaintiff's Counsel); (b) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, Immediate Family Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, reinsurers, bankers, consultants, attorneys, accountants, and auditors of each and every Class Member and their respective counsel, in their respective capacities as such; and (c) any entity in which any Class Member or their respective counsel has or had a controlling interest.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

43.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked** **no later than _____, 2020**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SignetSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-964-0513 or by emailing the Claims Administrator at Info@SignetSecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in Signet common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Signet common stock.

44.    If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

45.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

46.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $240,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

48.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

49.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.    Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked on or before _____, 2020 will be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 37 above) against the Defendants' Releasees (as defined in ¶ 38 above) and will be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

51.    Participants in, and beneficiaries of, a Signet employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Signet common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Signet common stock during the Class Period may be made by the plan's trustees.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

53.    Each Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54.    Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Signet common stock during the Class Period and were allegedly damaged as a result of such purchases or

acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is Signet common stock.

## PROPOSED PLAN OF ALLOCATION

55.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.   In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiff's damages expert calculated the estimated amounts of artificial inflation in the per share closing prices of Signet common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

57.   In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Signet common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions.  These inflation amounts were adjusted for price changes that were attributable to market or industry forces and other negative information unrelated to Lead Plaintiff's allegations, as well as changes in inflation throughout the Class Period, based on assumptions related to the case provided by Lead Counsel.  The estimated artificial inflation in Signet common stock is stated in Table A attached to the end of this Notice.

58.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Signet common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period which had the effect of artificially inflating the prices of Signet common stock.  Lead Plaintiff further alleges that corrective information was released to the market during the Class Period that partially removed the artificial inflation from the prices of Signet common stock on: November 24, 2015, May 26, 2016, June 2, 2016, August 25, 2016, February 28, 2017, and May 25, 2017.

59.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of Signet common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price, as limited by the dollar amount of loss measured at each corrective disclosure.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Signet common stock during the Class Period must have held those shares over a date on which corrective information was released to the market and partially removed the artificial inflation from the price of Signet common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS
## AND RECOGNIZED GAIN AMOUNTS

60.    Based on the formula stated below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of Signet common stock during the period from August 29, 2013 through and including May 24, 2017 that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

61.    For each share of Signet common stock purchased or otherwise acquired during the period from August 29, 2013 through and including May 24, 2017, and:

   (i)      sold at a loss[2] before November 24, 2015, a Recognized Loss Amount will be calculated, which will be $0.00.

   (ii)     sold for a gain[3] before November 24, 2015, a Recognized Gain Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

   (iii)    sold at a loss from November 24, 2015 through and including May 24, 2017, a Recognized Loss Amount will be calculated, which will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; (ii) the loss limitation per share based on the dates of purchase and sale as stated in Table B attached to the end of this Notice; or (iii) the purchase/acquisition price minus the sale price.

   (iv)    sold for a gain from November 24, 2015 through and including May 24, 2017, a Recognized Gain Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

   (v)     sold from May 25, 2017 through and including August 22, 2017, a Recognized Loss Amount will be calculated, which will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the loss limitation per share based on the dates of purchase and sale as stated in Table B; (iii) the purchase/acquisition price minus the average closing price between May 25, 2017 and the date of sale as stated in Table C attached at the end of this Notice; or (iv) the purchase/acquisition price minus the sale price.

   (vi)    held as of the close of trading on August 22, 2017, a Recognized Loss Amount will be calculated, which will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the loss limitation per

---

[2]  "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[3]  "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

share based on the date of purchase and the last column in Table B, or (iii) the purchase/acquisition price minus $58.19.[4]

## ADDITIONAL PROVISIONS

62.   **Calculation of Claimant's "Recognized Claim":**   A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated in ¶ 61 above *minus* the sum of his, her, or its Recognized Gain Amounts as calculated in ¶ 61 above.  If a Recognized Claim calculates to a negative number or zero, that number will be zero.

63.   **LIFO Matching:**   If a Class Member made more than one purchase/acquisition or sale of Signet common stock during the period from August 29, 2013 through and including August 22, 2017, all purchases/acquisitions and sales will be matched on a Last In, First Out ("LIFO") basis. Under the LIFO methodology, sales of Signet common stock will be matched first against the most recent prior purchases/acquisitions in reverse chronological order, and then against any holdings at the beginning of the Class Period.

64.   **Purchase/Sale Prices:**   For the purposes of calculations in ¶ 61 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

65.   **"Purchase/Acquisition/Sale" Dates:**   Purchases or acquisitions and sales of Signet common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Signet common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Signet common stock for the calculation of a Claimant's Recognized Loss Amount or Recognized Gain Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Signet common stock unless: (i) the donor or decedent purchased or otherwise acquired or sold such Signet common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Signet common stock.

66.   **Short Sales:**   The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Signet common stock.  The date of a "short sale" is deemed to be the date of sale of the Signet common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount or Recognized Gain Amount on "short sales" and the purchases covering "short sales" is zero.

---

[4]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing price of Signet common stock during the "90-day look-back period," May 25, 2017 through and including August 22, 2017.  The mean (average) closing price for Signet common stock during this 90-day look-back period was $58.19.

67. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Signet common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

68. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Signet common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

69. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Signet common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Signet common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

70. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

73. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Signet common stock purchased/acquired during the period from August 29, 2013 through and including May 24, 2017.

[6] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Signet common stock that was both purchased and sold by the Claimant during the period from August 29, 2013 through and including May 24, 2017. The LIFO method as described in ¶ 63 above will be applied for matching sales to prior purchases/acquisitions.

[7] The Claims Administrator will ascribe a "Holding Value" of $50.30 to each share of Signet common stock purchased/acquired during the period from August 29, 2013 through and including May 24, 2017 that was still held as of the close of trading on May 24, 2017.

consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than five (5) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

74.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

75.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.SignetSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

76.   Plaintiff's Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Plaintiff's Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, net of Court-approved Litigation Expenses. Lead Counsel has fee or work sharing agreements with the other Plaintiff's Counsel firm, Gadow Tyler, PLLC, and Lead Counsel will compensate that firm from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with that firm's efforts in this litigation that were undertaken at the specific direction of Lead Counsel. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses from the Settlement Fund in an amount not to exceed $4,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF?

77.   Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to Signet Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91189, Seattle, WA 98111, **with a copy emailed to both Lead Counsel at johnr@blbglaw.com and Defendants' Counsel at joseph.allerhand@weil.com and stacy.nettleton@weil.com**.   The Request for Exclusion must be *received* **no later than _____, 2020**.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728-CM-SDA"; (iii) state the number of shares of Signet common stock that the person or entity requesting exclusion: (A) owned as of the opening of trading on August 29, 2013; (B) purchased/acquired and/or sold during the period from August 29, 2013 through and including August 22, 2017, including the dates, number of shares, and prices of each purchase/acquisition and sale of Signet common stock during this period; and (C) owned as of the close of trading on August 22, 2017; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed.  Lead Counsel may request that the person or entity requesting exclusion submit additional information or documentation sufficient to prove his, her, or its holdings and trading in Signet common stock.

78.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against Defendants or any of the other Defendants' Releasees.  Excluding yourself from the Class is the only option that allows you to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiff's Claims.  Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims asserted in the Action against Defendants by a statute of repose that has possibly expired for claims under the federal securities laws.

79.   If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

80.   Signet has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Signet.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

81.   Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.  **Please Note:** The date and time of the Settlement Fairness Hearing may change

without further written notice to the Class. In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SignetSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SignetSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, www.SignetSecuritiesLitigation.com.**

82.    The Settlement Fairness Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, Courtroom 24A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

83.    Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before _____, 2020**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below, **with a copy emailed to both Lead Counsel at johnr@blbglaw.com and Defendants' Counsel at joseph.allerhand@weil.com and stacy.nettleton@weil.com,** so that the papers are *received* on or before _____, 2020.

| CLERK'S OFFICE |
| --- |
| United States District Court<br>Southern District of New York<br>Office of the Clerk of the Court<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 |

| LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| **Bernstein Litowitz Berger & Grossmann LLP**<br>John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | **Weil, Gotshal & Manges LLP**<br>Joseph S. Allerhand, Esq.<br>767 Fifth Avenue<br>New York, NY 10153 |

84. Any objection must clearly identify the case name and civil action number, *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728-CM-SDA, and it must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support that the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including documents showing the number of shares of Signet common stock that the objecting Class Member: (A) owned as of the opening of trading on August 29, 2013 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from August 29, 2013 to May 25, 2017), including the dates, number of shares, and prices of each purchase/acquisition and sale of Signet common stock during the Class Period. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

85. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86. If you wish to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the mailing and email addresses set forth in ¶ 83 above so that it is ***received*** **on or before _____, 2020**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Fairness Hearing through counsel must also identify that counsel by name, address, and telephone number. Objectors and/or their counsel may be heard orally at the discretion of the Court.

87. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the mailing and email addresses set forth in ¶ 83 above so that the notice is ***received*** **on or before _____, 2020**.

88.   The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time of the hearing as stated in ¶ 81 above.

89.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

90.   If you purchased or otherwise acquired shares of Signet common stock during the period from August 29, 2013 to May 25, 2017, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Signet Securities Litigation, c/o JND Legal Administration, P.O. Box 91189, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SignetSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-888-964-0513, or by emailing the Claims Administrator at Info@SignetSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

91.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SignetSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Signet Securities Litigation | and/or | John Rizio-Hamilton, Esq. |
|---|---|---|
| c/o JND Legal Administration | | Bernstein Litowitz Berger |
| P.O. Box 91189 | | & Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas, 44th Floor |
| 1-888-964-0513 | | New York, NY 10020 |
| Info@SignetSecuritiesLitigation.com | | 1-800-380-8496 |
| www.SignetSecuritiesLitigation.com | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2020

By Order of the Court
United States District Court
Southern District of New York

21

**TABLE A**
**Estimated Artificial Inflation in Signet Common Stock**
**(August 29, 2013 through and including May 25, 2017)**

| Date | Artificial Inflation | Date | Artificial Inflation | Date | Artificial Inflation | Date | Artificial Inflation |
|---|---|---|---|---|---|---|---|
| 8/29/2013 | $21.64 | 10/28/2013 | $23.74 | 12/26/2013 | $25.54 | 2/26/2014 | $30.51 |
| 8/30/2013 | $21.69 | 10/29/2013 | $23.71 | 12/27/2013 | $25.43 | 2/27/2014 | $30.54 |
| 9/3/2013 | $21.79 | 10/30/2013 | $23.62 | 12/30/2013 | $25.57 | 2/28/2014 | $30.50 |
| 9/4/2013 | $21.80 | 10/31/2013 | $23.53 | 12/31/2013 | $25.60 | 3/3/2014 | $30.46 |
| 9/5/2013 | $21.89 | 11/1/2013 | $23.65 | 1/2/2014 | $25.61 | 3/4/2014 | $31.23 |
| 9/6/2013 | $21.88 | 11/4/2013 | $23.80 | 1/3/2014 | $25.61 | 3/5/2014 | $30.92 |
| 9/9/2013 | $22.20 | 11/5/2013 | $24.04 | 1/6/2014 | $25.75 | 3/6/2014 | $31.21 |
| 9/10/2013 | $22.46 | 11/6/2013 | $24.07 | 1/7/2014 | $25.92 | 3/7/2014 | $31.34 |
| 9/11/2013 | $22.40 | 11/7/2013 | $23.38 | 1/8/2014 | $25.83 | 3/10/2014 | $31.03 |
| 9/12/2013 | $22.20 | 11/8/2013 | $23.58 | 1/9/2014 | $24.44 | 3/11/2014 | $30.96 |
| 9/13/2013 | $22.29 | 11/11/2013 | $23.61 | 1/10/2014 | $24.15 | 3/12/2014 | $30.94 |
| 9/16/2013 | $22.40 | 11/12/2013 | $24.02 | 1/13/2014 | $24.08 | 3/13/2014 | $31.09 |
| 9/17/2013 | $22.42 | 11/13/2013 | $24.17 | 1/14/2014 | $24.89 | 3/14/2014 | $31.28 |
| 9/18/2013 | $22.69 | 11/14/2013 | $24.32 | 1/15/2014 | $25.07 | 3/17/2014 | $31.76 |
| 9/19/2013 | $22.98 | 11/15/2013 | $24.41 | 1/16/2014 | $25.04 | 3/18/2014 | $32.11 |
| 9/20/2013 | $22.86 | 11/18/2013 | $24.24 | 1/17/2014 | $25.60 | 3/19/2014 | $32.18 |
| 9/23/2013 | $22.80 | 11/19/2013 | $24.03 | 1/21/2014 | $25.58 | 3/20/2014 | $32.15 |
| 9/24/2013 | $22.74 | 11/20/2013 | $23.99 | 1/22/2014 | $25.67 | 3/21/2014 | $31.66 |
| 9/25/2013 | $22.71 | 11/21/2013 | $24.08 | 1/23/2014 | $25.63 | 3/24/2014 | $31.46 |
| 9/26/2013 | $22.72 | 11/22/2013 | $24.02 | 1/24/2014 | $25.31 | 3/25/2014 | $31.76 |
| 9/27/2013 | $22.99 | 11/25/2013 | $23.88 | 1/27/2014 | $26.40 | 3/26/2014 | $31.48 |
| 9/30/2013 | $22.93 | 11/26/2013 | $25.35 | 1/28/2014 | $26.63 | 3/27/2014 | $33.01 |
| 10/1/2013 | $23.01 | 11/27/2013 | $25.19 | 1/29/2014 | $26.53 | 3/28/2014 | $33.20 |
| 10/2/2013 | $23.03 | 11/29/2013 | $25.13 | 1/30/2014 | $26.85 | 3/31/2014 | $33.48 |
| 10/3/2013 | $22.92 | 12/2/2013 | $25.05 | 1/31/2014 | $26.53 | 4/1/2014 | $33.68 |
| 10/4/2013 | $23.16 | 12/3/2013 | $24.83 | 2/3/2014 | $25.67 | 4/2/2014 | $33.73 |
| 10/7/2013 | $23.02 | 12/4/2013 | $24.79 | 2/4/2014 | $25.51 | 4/3/2014 | $33.77 |
| 10/8/2013 | $22.72 | 12/5/2013 | $24.92 | 2/5/2014 | $25.82 | 4/4/2014 | $33.20 |
| 10/9/2013 | $22.43 | 12/6/2013 | $25.05 | 2/6/2014 | $26.27 | 4/7/2014 | $32.64 |
| 10/10/2013 | $22.69 | 12/9/2013 | $24.95 | 2/7/2014 | $26.45 | 4/8/2014 | $33.01 |
| 10/11/2013 | $23.11 | 12/10/2013 | $25.02 | 2/10/2014 | $26.49 | 4/9/2014 | $33.22 |
| 10/14/2013 | $23.13 | 12/11/2013 | $24.81 | 2/11/2014 | $26.56 | 4/10/2014 | $32.79 |
| 10/15/2013 | $23.07 | 12/12/2013 | $24.80 | 2/12/2014 | $26.40 | 4/11/2014 | $32.35 |
| 10/16/2013 | $23.43 | 12/13/2013 | $24.86 | 2/13/2014 | $26.53 | 4/14/2014 | $32.49 |
| 10/17/2013 | $23.56 | 12/16/2013 | $25.04 | 2/14/2014 | $26.47 | 4/15/2014 | $32.18 |
| 10/18/2013 | $23.80 | 12/17/2013 | $24.95 | 2/18/2014 | $26.46 | 4/16/2014 | $32.30 |
| 10/21/2013 | $23.93 | 12/18/2013 | $25.20 | 2/19/2014 | $29.95 | 4/17/2014 | $32.10 |
| 10/22/2013 | $23.86 | 12/19/2013 | $25.00 | 2/20/2014 | $30.15 | 4/21/2014 | $32.10 |
| 10/23/2013 | $23.76 | 12/20/2013 | $25.31 | 2/21/2014 | $30.18 | 4/22/2014 | $31.95 |
| 10/24/2013 | $23.76 | 12/23/2013 | $25.33 | 2/24/2014 | $30.14 | 4/23/2014 | $31.90 |
| 10/25/2013 | $23.76 | 12/24/2013 | $25.41 | 2/25/2014 | $30.41 | 4/24/2014 | $32.03 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4/25/2014 | $31.83 | 7/1/2014 | $34.29 | 9/5/2014 | $32.80 | 11/10/2014 | $33.59 |
| 4/28/2014 | $31.76 | 7/2/2014 | $33.91 | 9/8/2014 | $32.62 | 11/11/2014 | $33.30 |
| 4/29/2014 | $32.02 | 7/3/2014 | $34.38 | 9/9/2014 | $32.41 | 11/12/2014 | $33.64 |
| 4/30/2014 | $32.31 | 7/7/2014 | $33.84 | 9/10/2014 | $32.51 | 11/13/2014 | $33.62 |
| 5/1/2014 | $32.63 | 7/8/2014 | $33.58 | 9/11/2014 | $32.76 | 11/14/2014 | $33.45 |
| 5/2/2014 | $32.90 | 7/9/2014 | $34.41 | 9/12/2014 | $32.58 | 11/17/2014 | $33.08 |
| 5/5/2014 | $32.74 | 7/10/2014 | $34.14 | 9/15/2014 | $32.38 | 11/18/2014 | $33.05 |
| 5/6/2014 | $32.31 | 7/11/2014 | $33.63 | 9/16/2014 | $32.64 | 11/19/2014 | $33.21 |
| 5/7/2014 | $32.42 | 7/14/2014 | $33.75 | 9/17/2014 | $32.44 | 11/20/2014 | $33.43 |
| 5/8/2014 | $32.46 | 7/15/2014 | $33.77 | 9/18/2014 | $32.22 | 11/21/2014 | $33.69 |
| 5/9/2014 | $32.22 | 7/16/2014 | $33.52 | 9/19/2014 | $32.03 | 11/24/2014 | $33.72 |
| 5/12/2014 | $32.23 | 7/17/2014 | $32.97 | 9/22/2014 | $31.82 | 11/25/2014 | $34.68 |
| 5/13/2014 | $32.09 | 7/18/2014 | $33.43 | 9/23/2014 | $31.54 | 11/26/2014 | $34.22 |
| 5/14/2014 | $32.03 | 7/21/2014 | $33.15 | 9/24/2014 | $32.03 | 11/28/2014 | $34.33 |
| 5/15/2014 | $31.71 | 7/22/2014 | $32.92 | 9/25/2014 | $31.86 | 12/1/2014 | $33.58 |
| 5/16/2014 | $31.75 | 7/23/2014 | $32.54 | 9/26/2014 | $32.02 | 12/2/2014 | $33.46 |
| 5/19/2014 | $31.64 | 7/24/2014 | $32.51 | 9/29/2014 | $31.99 | 12/3/2014 | $33.77 |
| 5/20/2014 | $31.41 | 7/25/2014 | $32.44 | 9/30/2014 | $31.83 | 12/4/2014 | $33.64 |
| 5/21/2014 | $31.92 | 7/28/2014 | $32.18 | 10/1/2014 | $31.45 | 12/5/2014 | $33.88 |
| 5/22/2014 | $32.64 | 7/29/2014 | $31.88 | 10/2/2014 | $31.86 | 12/8/2014 | $33.69 |
| 5/23/2014 | $32.70 | 7/30/2014 | $31.37 | 10/3/2014 | $32.32 | 12/9/2014 | $33.73 |
| 5/27/2014 | $32.69 | 7/31/2014 | $30.76 | 10/6/2014 | $32.18 | 12/10/2014 | $33.18 |
| 5/28/2014 | $32.70 | 8/1/2014 | $30.90 | 10/7/2014 | $31.79 | 12/11/2014 | $33.55 |
| 5/29/2014 | $33.62 | 8/4/2014 | $31.31 | 10/8/2014 | $31.48 | 12/12/2014 | $33.49 |
| 5/30/2014 | $33.07 | 8/5/2014 | $30.96 | 10/9/2014 | $31.03 | 12/15/2014 | $33.52 |
| 6/2/2014 | $33.10 | 8/6/2014 | $30.90 | 10/10/2014 | $30.85 | 12/16/2014 | $33.06 |
| 6/3/2014 | $32.39 | 8/7/2014 | $30.83 | 10/13/2014 | $30.54 | 12/17/2014 | $33.56 |
| 6/4/2014 | $32.70 | 8/8/2014 | $31.40 | 10/14/2014 | $29.78 | 12/18/2014 | $34.06 |
| 6/5/2014 | $32.85 | 8/11/2014 | $31.50 | 10/15/2014 | $30.21 | 12/19/2014 | $34.15 |
| 6/6/2014 | $33.28 | 8/12/2014 | $31.48 | 10/16/2014 | $30.63 | 12/22/2014 | $34.04 |
| 6/9/2014 | $33.29 | 8/13/2014 | $31.46 | 10/17/2014 | $30.91 | 12/23/2014 | $34.37 |
| 6/10/2014 | $33.36 | 8/14/2014 | $31.48 | 10/20/2014 | $30.75 | 12/24/2014 | $34.29 |
| 6/11/2014 | $33.20 | 8/15/2014 | $31.50 | 10/21/2014 | $31.01 | 12/26/2014 | $34.32 |
| 6/12/2014 | $32.94 | 8/18/2014 | $31.77 | 10/22/2014 | $30.97 | 12/29/2014 | $34.59 |
| 6/13/2014 | $33.14 | 8/19/2014 | $31.95 | 10/23/2014 | $31.58 | 12/30/2014 | $34.44 |
| 6/16/2014 | $33.25 | 8/20/2014 | $31.84 | 10/24/2014 | $32.18 | 12/31/2014 | $34.48 |
| 6/17/2014 | $33.56 | 8/21/2014 | $31.66 | 10/27/2014 | $32.39 | 1/2/2015 | $34.11 |
| 6/18/2014 | $33.59 | 8/22/2014 | $31.94 | 10/28/2014 | $32.58 | 1/5/2015 | $34.47 |
| 6/19/2014 | $33.69 | 8/25/2014 | $32.23 | 10/29/2014 | $32.56 | 1/6/2015 | $33.84 |
| 6/20/2014 | $34.13 | 8/26/2014 | $32.27 | 10/30/2014 | $32.96 | 1/7/2015 | $34.33 |
| 6/23/2014 | $33.65 | 8/27/2014 | $32.18 | 10/31/2014 | $33.08 | 1/8/2015 | $33.23 |
| 6/24/2014 | $33.57 | 8/28/2014 | $33.47 | 11/3/2014 | $33.01 | 1/9/2015 | $33.09 |
| 6/25/2014 | $33.81 | 8/29/2014 | $33.13 | 11/4/2014 | $33.00 | 1/12/2015 | $32.98 |
| 6/26/2014 | $33.76 | 9/2/2014 | $32.49 | 11/5/2014 | $33.08 | 1/13/2015 | $32.74 |
| 6/27/2014 | $33.88 | 9/3/2014 | $32.46 | 11/6/2014 | $33.36 | 1/14/2015 | $32.56 |
| 6/30/2014 | $33.98 | 9/4/2014 | $32.54 | 11/7/2014 | $33.14 | 1/15/2015 | $32.75 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1/16/2015 | $33.08 | 3/25/2015 | $33.97 | 6/1/2015 | $34.25 | 8/5/2015 | $32.66 |
| 1/20/2015 | $32.74 | 3/26/2015 | $35.86 | 6/2/2015 | $34.30 | 8/6/2015 | $32.26 |
| 1/21/2015 | $33.03 | 3/27/2015 | $35.37 | 6/3/2015 | $34.73 | 8/7/2015 | $32.32 |
| 1/22/2015 | $33.02 | 3/30/2015 | $36.52 | 6/4/2015 | $34.51 | 8/10/2015 | $32.58 |
| 1/23/2015 | $33.12 | 3/31/2015 | $36.29 | 6/5/2015 | $34.53 | 8/11/2015 | $32.24 |
| 1/26/2015 | $33.19 | 4/1/2015 | $36.18 | 6/8/2015 | $34.18 | 8/12/2015 | $32.19 |
| 1/27/2015 | $33.22 | 4/2/2015 | $36.48 | 6/9/2015 | $34.42 | 8/13/2015 | $32.32 |
| 1/28/2015 | $32.73 | 4/6/2015 | $36.56 | 6/10/2015 | $34.60 | 8/14/2015 | $32.48 |
| 1/29/2015 | $32.83 | 4/7/2015 | $36.24 | 6/11/2015 | $34.44 | 8/17/2015 | $32.93 |
| 1/30/2015 | $32.35 | 4/8/2015 | $36.15 | 6/12/2015 | $34.57 | 8/18/2015 | $33.10 |
| 2/2/2015 | $32.41 | 4/9/2015 | $36.18 | 6/15/2015 | $34.44 | 8/19/2015 | $33.59 |
| 2/3/2015 | $32.74 | 4/10/2015 | $35.99 | 6/16/2015 | $34.68 | 8/20/2015 | $33.36 |
| 2/4/2015 | $32.48 | 4/13/2015 | $35.78 | 6/17/2015 | $34.80 | 8/21/2015 | $32.81 |
| 2/5/2015 | $32.39 | 4/14/2015 | $35.61 | 6/18/2015 | $34.99 | 8/24/2015 | $32.12 |
| 2/6/2015 | $32.17 | 4/15/2015 | $35.58 | 6/19/2015 | $34.66 | 8/25/2015 | $31.67 |
| 2/9/2015 | $31.92 | 4/16/2015 | $35.41 | 6/22/2015 | $34.89 | 8/26/2015 | $32.43 |
| 2/10/2015 | $32.36 | 4/17/2015 | $35.03 | 6/23/2015 | $34.99 | 8/27/2015 | $34.95 |
| 2/11/2015 | $32.23 | 4/20/2015 | $35.33 | 6/24/2015 | $34.38 | 8/28/2015 | $34.78 |
| 2/12/2015 | $32.30 | 4/21/2015 | $35.57 | 6/25/2015 | $34.35 | 8/31/2015 | $34.46 |
| 2/13/2015 | $32.38 | 4/22/2015 | $35.98 | 6/26/2015 | $34.41 | 9/1/2015 | $33.69 |
| 2/17/2015 | $32.39 | 4/23/2015 | $36.19 | 6/29/2015 | $33.78 | 9/2/2015 | $34.48 |
| 2/18/2015 | $32.36 | 4/24/2015 | $36.19 | 6/30/2015 | $33.89 | 9/3/2015 | $34.30 |
| 2/19/2015 | $32.33 | 4/27/2015 | $35.91 | 7/1/2015 | $33.66 | 9/4/2015 | $34.17 |
| 2/20/2015 | $32.35 | 4/28/2015 | $35.89 | 7/2/2015 | $33.57 | 9/8/2015 | $34.75 |
| 2/23/2015 | $32.28 | 4/29/2015 | $35.74 | 7/6/2015 | $33.48 | 9/9/2015 | $34.35 |
| 2/24/2015 | $32.26 | 4/30/2015 | $35.39 | 7/7/2015 | $33.22 | 9/10/2015 | $34.40 |
| 2/25/2015 | $32.13 | 5/1/2015 | $35.94 | 7/8/2015 | $32.55 | 9/11/2015 | $34.66 |
| 2/26/2015 | $32.21 | 5/4/2015 | $36.11 | 7/9/2015 | $32.35 | 9/14/2015 | $34.48 |
| 2/27/2015 | $32.31 | 5/5/2015 | $35.67 | 7/10/2015 | $32.53 | 9/15/2015 | $34.30 |
| 3/2/2015 | $32.76 | 5/6/2015 | $35.45 | 7/13/2015 | $32.91 | 9/16/2015 | $34.55 |
| 3/3/2015 | $32.66 | 5/7/2015 | $35.76 | 7/14/2015 | $33.07 | 9/17/2015 | $34.39 |
| 3/4/2015 | $32.36 | 5/8/2015 | $35.95 | 7/15/2015 | $32.93 | 9/18/2015 | $34.20 |
| 3/5/2015 | $32.51 | 5/11/2015 | $35.69 | 7/16/2015 | $32.79 | 9/21/2015 | $34.53 |
| 3/6/2015 | $32.34 | 5/12/2015 | $35.79 | 7/17/2015 | $32.67 | 9/22/2015 | $34.54 |
| 3/9/2015 | $32.24 | 5/13/2015 | $35.53 | 7/20/2015 | $32.74 | 9/23/2015 | $35.14 |
| 3/10/2015 | $31.82 | 5/14/2015 | $35.02 | 7/21/2015 | $32.81 | 9/24/2015 | $35.12 |
| 3/11/2015 | $32.38 | 5/15/2015 | $35.11 | 7/22/2015 | $32.96 | 9/25/2015 | $34.81 |
| 3/12/2015 | $33.03 | 5/18/2015 | $35.30 | 7/23/2015 | $32.92 | 9/28/2015 | $34.41 |
| 3/13/2015 | $33.24 | 5/19/2015 | $35.22 | 7/24/2015 | $32.41 | 9/29/2015 | $33.60 |
| 3/16/2015 | $33.68 | 5/20/2015 | $35.67 | 7/27/2015 | $31.91 | 9/30/2015 | $34.05 |
| 3/17/2015 | $33.55 | 5/21/2015 | $35.77 | 7/28/2015 | $32.38 | 10/1/2015 | $33.83 |
| 3/18/2015 | $33.65 | 5/22/2015 | $35.82 | 7/29/2015 | $32.56 | 10/2/2015 | $34.12 |
| 3/19/2015 | $33.62 | 5/26/2015 | $35.37 | 7/30/2015 | $32.58 | 10/5/2015 | $34.48 |
| 3/20/2015 | $33.71 | 5/27/2015 | $35.19 | 7/31/2015 | $32.45 | 10/6/2015 | $34.06 |
| 3/23/2015 | $34.25 | 5/28/2015 | $34.61 | 8/3/2015 | $32.52 | 10/7/2015 | $34.47 |
| 3/24/2015 | $34.28 | 5/29/2015 | $34.19 | 8/4/2015 | $32.56 | 10/8/2015 | $35.18 |

| Date | Price | Date | Price | Date | Price | Date | Price |
|---|---|---|---|---|---|---|---|
| 10/9/2015 | $35.39 | 12/15/2015 | $29.05 | 2/23/2016 | $25.84 | 4/28/2016 | $29.22 |
| 10/12/2015 | $35.73 | 12/16/2015 | $29.06 | 2/24/2016 | $25.44 | 4/29/2016 | $29.20 |
| 10/13/2015 | $35.32 | 12/17/2015 | $28.96 | 2/25/2016 | $25.29 | 5/2/2016 | $29.38 |
| 10/14/2015 | $34.98 | 12/18/2015 | $28.69 | 2/26/2016 | $25.88 | 5/3/2016 | $29.36 |
| 10/15/2015 | $35.12 | 12/21/2015 | $29.15 | 2/29/2016 | $27.75 | 5/4/2016 | $29.38 |
| 10/16/2015 | $35.38 | 12/22/2015 | $29.75 | 3/1/2016 | $27.92 | 5/5/2016 | $29.22 |
| 10/19/2015 | $35.99 | 12/23/2015 | $29.95 | 3/2/2016 | $27.95 | 5/6/2016 | $29.08 |
| 10/20/2015 | $35.94 | 12/24/2015 | $29.53 | 3/3/2016 | $27.78 | 5/9/2016 | $29.00 |
| 10/21/2015 | $36.04 | 12/28/2015 | $29.77 | 3/4/2016 | $27.75 | 5/10/2016 | $29.10 |
| 10/22/2015 | $36.30 | 12/29/2015 | $29.96 | 3/7/2016 | $27.81 | 5/11/2016 | $28.27 |
| 10/23/2015 | $35.75 | 12/30/2015 | $29.93 | 3/8/2016 | $27.24 | 5/12/2016 | $28.30 |
| 10/26/2015 | $36.36 | 12/31/2015 | $30.28 | 3/9/2016 | $27.07 | 5/13/2016 | $28.11 |
| 10/27/2015 | $36.34 | 1/4/2016 | $30.72 | 3/10/2016 | $27.35 | 5/16/2016 | $28.73 |
| 10/28/2015 | $36.69 | 1/5/2016 | $30.86 | 3/11/2016 | $27.64 | 5/17/2016 | $28.71 |
| 10/29/2015 | $36.90 | 1/6/2016 | $31.18 | 3/14/2016 | $27.77 | 5/18/2016 | $28.84 |
| 10/30/2015 | $36.98 | 1/7/2016 | $32.23 | 3/15/2016 | $27.70 | 5/19/2016 | $29.22 |
| 11/2/2015 | $36.63 | 1/8/2016 | $30.97 | 3/16/2016 | $28.05 | 5/20/2016 | $28.93 |
| 11/3/2015 | $36.43 | 1/11/2016 | $30.81 | 3/17/2016 | $28.51 | 5/23/2016 | $29.08 |
| 11/4/2015 | $36.44 | 1/12/2016 | $30.96 | 3/18/2016 | $28.76 | 5/24/2016 | $28.64 |
| 11/5/2015 | $36.35 | 1/13/2016 | $30.44 | 3/21/2016 | $28.86 | 5/25/2016 | $29.19 |
| 11/6/2015 | $36.13 | 1/14/2016 | $30.33 | 3/22/2016 | $28.95 | 5/26/2016 | $19.24 |
| 11/9/2015 | $36.16 | 1/15/2016 | $29.77 | 3/23/2016 | $28.89 | 5/27/2016 | $19.46 |
| 11/10/2015 | $36.73 | 1/19/2016 | $29.89 | 3/24/2016 | $31.94 | 5/31/2016 | $19.43 |
| 11/11/2015 | $35.81 | 1/20/2016 | $29.60 | 3/28/2016 | $32.39 | 6/1/2016 | $19.40 |
| 11/12/2015 | $35.05 | 1/21/2016 | $29.39 | 3/29/2016 | $32.06 | 6/2/2016 | $12.43 |
| 11/13/2015 | $34.13 | 1/22/2016 | $29.95 | 3/30/2016 | $31.43 | 6/3/2016 | $12.21 |
| 11/16/2015 | $34.56 | 1/25/2016 | $29.24 | 3/31/2016 | $32.30 | 6/6/2016 | $12.11 |
| 11/17/2015 | $34.42 | 1/26/2016 | $29.22 | 4/1/2016 | $32.28 | 6/7/2016 | $12.09 |
| 11/18/2015 | $34.94 | 1/27/2016 | $29.23 | 4/4/2016 | $31.69 | 6/8/2016 | $12.27 |
| 11/19/2015 | $35.29 | 1/28/2016 | $28.27 | 4/5/2016 | $31.46 | 6/9/2016 | $12.29 |
| 11/20/2015 | $34.29 | 1/29/2016 | $28.75 | 4/6/2016 | $31.50 | 6/10/2016 | $12.28 |
| 11/23/2015 | $34.89 | 2/1/2016 | $29.59 | 4/7/2016 | $30.70 | 6/13/2016 | $12.08 |
| 11/24/2015 | $31.91 | 2/2/2016 | $28.60 | 4/8/2016 | $30.29 | 6/14/2016 | $11.98 |
| 11/25/2015 | $32.76 | 2/3/2016 | $27.90 | 4/11/2016 | $29.94 | 6/15/2016 | $11.93 |
| 11/27/2015 | $32.40 | 2/4/2016 | $27.62 | 4/12/2016 | $29.99 | 6/16/2016 | $11.88 |
| 11/30/2015 | $31.53 | 2/5/2016 | $26.77 | 4/13/2016 | $30.56 | 6/17/2016 | $12.04 |
| 12/1/2015 | $31.51 | 2/8/2016 | $25.90 | 4/14/2016 | $30.01 | 6/20/2016 | $12.10 |
| 12/2/2015 | $31.20 | 2/9/2016 | $25.13 | 4/15/2016 | $29.91 | 6/21/2016 | $12.06 |
| 12/3/2015 | $30.93 | 2/10/2016 | $25.25 | 4/18/2016 | $30.13 | 6/22/2016 | $12.07 |
| 12/4/2015 | $31.31 | 2/11/2016 | $24.86 | 4/19/2016 | $29.86 | 6/23/2016 | $12.15 |
| 12/7/2015 | $30.84 | 2/12/2016 | $25.58 | 4/20/2016 | $29.92 | 6/24/2016 | $11.90 |
| 12/8/2015 | $30.36 | 2/16/2016 | $26.59 | 4/21/2016 | $29.91 | 6/27/2016 | $11.75 |
| 12/9/2015 | $29.74 | 2/17/2016 | $26.82 | 4/22/2016 | $29.87 | 6/28/2016 | $11.84 |
| 12/10/2015 | $29.82 | 2/18/2016 | $26.53 | 4/25/2016 | $29.36 | 6/29/2016 | $11.91 |
| 12/11/2015 | $29.07 | 2/19/2016 | $26.51 | 4/26/2016 | $29.79 | 6/30/2016 | $11.93 |
| 12/14/2015 | $28.96 | 2/22/2016 | $26.37 | 4/27/2016 | $29.87 | 7/1/2016 | $12.03 |

| Date | Value | Date | Value | Date | Value | Date | Value |
|---|---|---|---|---|---|---|---|
| 7/5/2016 | $11.88 | 9/8/2016 | $10.57 | 11/11/2016 | $10.92 | 1/20/2017 | $10.78 |
| 7/6/2016 | $11.92 | 9/9/2016 | $10.38 | 11/14/2016 | $11.01 | 1/23/2017 | $10.79 |
| 7/7/2016 | $11.94 | 9/12/2016 | $10.46 | 11/15/2016 | $10.90 | 1/24/2017 | $10.87 |
| 7/8/2016 | $12.03 | 9/13/2016 | $10.48 | 11/16/2016 | $10.95 | 1/25/2017 | $10.88 |
| 7/11/2016 | $12.22 | 9/14/2016 | $10.49 | 11/17/2016 | $11.00 | 1/26/2017 | $10.84 |
| 7/12/2016 | $12.29 | 9/15/2016 | $10.48 | 11/18/2016 | $10.90 | 1/27/2017 | $10.75 |
| 7/13/2016 | $12.28 | 9/16/2016 | $10.43 | 11/21/2016 | $10.90 | 1/30/2017 | $10.72 |
| 7/14/2016 | $12.43 | 9/19/2016 | $10.41 | 11/22/2016 | $11.16 | 1/31/2017 | $10.66 |
| 7/15/2016 | $12.36 | 9/20/2016 | $10.35 | 11/23/2016 | $11.26 | 2/1/2017 | $10.63 |
| 7/18/2016 | $12.46 | 9/21/2016 | $10.36 | 11/25/2016 | $11.20 | 2/2/2017 | $10.59 |
| 7/19/2016 | $12.36 | 9/22/2016 | $10.41 | 11/28/2016 | $11.16 | 2/3/2017 | $10.60 |
| 7/20/2016 | $12.32 | 9/23/2016 | $10.48 | 11/29/2016 | $11.15 | 2/6/2017 | $10.51 |
| 7/21/2016 | $12.22 | 9/26/2016 | $10.38 | 11/30/2016 | $11.13 | 2/7/2017 | $10.42 |
| 7/22/2016 | $12.33 | 9/27/2016 | $10.31 | 12/1/2016 | $11.12 | 2/8/2017 | $10.44 |
| 7/25/2016 | $12.29 | 9/28/2016 | $10.32 | 12/2/2016 | $11.15 | 2/9/2017 | $10.49 |
| 7/26/2016 | $12.33 | 9/29/2016 | $10.26 | 12/5/2016 | $11.21 | 2/10/2017 | $10.47 |
| 7/27/2016 | $12.20 | 9/30/2016 | $10.31 | 12/6/2016 | $11.23 | 2/13/2017 | $10.48 |
| 7/28/2016 | $12.19 | 10/3/2016 | $10.37 | 12/7/2016 | $11.28 | 2/14/2017 | $10.54 |
| 7/29/2016 | $12.24 | 10/4/2016 | $10.45 | 12/8/2016 | $11.39 | 2/15/2017 | $10.58 |
| 8/1/2016 | $12.18 | 10/5/2016 | $10.59 | 12/9/2016 | $11.42 | 2/16/2017 | $10.50 |
| 8/2/2016 | $12.01 | 10/6/2016 | $10.59 | 12/12/2016 | $11.38 | 2/17/2017 | $10.52 |
| 8/3/2016 | $12.06 | 10/7/2016 | $10.54 | 12/13/2016 | $11.37 | 2/21/2017 | $10.58 |
| 8/4/2016 | $12.15 | 10/10/2016 | $10.59 | 12/14/2016 | $11.32 | 2/22/2017 | $10.55 |
| 8/5/2016 | $12.20 | 10/11/2016 | $10.55 | 12/15/2016 | $11.32 | 2/23/2017 | $10.50 |
| 8/8/2016 | $12.25 | 10/12/2016 | $10.57 | 12/16/2016 | $11.29 | 2/24/2017 | $10.56 |
| 8/9/2016 | $12.24 | 10/13/2016 | $10.57 | 12/19/2016 | $11.30 | 2/27/2017 | $10.52 |
| 8/10/2016 | $12.20 | 10/14/2016 | $10.57 | 12/20/2016 | $11.33 | 2/28/2017 | $2.69 |
| 8/11/2016 | $12.40 | 10/17/2016 | $10.52 | 12/21/2016 | $11.31 | 3/1/2017 | $2.75 |
| 8/12/2016 | $12.43 | 10/18/2016 | $10.55 | 12/22/2016 | $11.26 | 3/2/2017 | $2.79 |
| 8/15/2016 | $12.51 | 10/19/2016 | $10.57 | 12/23/2016 | $11.25 | 3/3/2017 | $2.74 |
| 8/16/2016 | $12.50 | 10/20/2016 | $10.57 | 12/27/2016 | $11.27 | 3/6/2017 | $2.79 |
| 8/17/2016 | $12.42 | 10/21/2016 | $10.53 | 12/28/2016 | $11.27 | 3/7/2017 | $2.70 |
| 8/18/2016 | $12.52 | 10/24/2016 | $10.52 | 12/29/2016 | $11.28 | 3/8/2017 | $2.78 |
| 8/19/2016 | $12.54 | 10/25/2016 | $10.58 | 12/30/2016 | $11.29 | 3/9/2017 | $3.16 |
| 8/22/2016 | $12.51 | 10/26/2016 | $10.63 | 1/3/2017 | $11.32 | 3/10/2017 | $3.23 |
| 8/23/2016 | $12.65 | 10/27/2016 | $10.54 | 1/4/2017 | $11.35 | 3/13/2017 | $3.25 |
| 8/24/2016 | $12.68 | 10/28/2016 | $10.55 | 1/5/2017 | $11.04 | 3/14/2017 | $3.23 |
| 8/25/2016 | $10.33 | 10/31/2016 | $10.58 | 1/6/2017 | $11.05 | 3/15/2017 | $3.25 |
| 8/26/2016 | $10.42 | 11/1/2016 | $10.56 | 1/9/2017 | $10.97 | 3/16/2017 | $3.28 |
| 8/29/2016 | $10.44 | 11/2/2016 | $10.54 | 1/10/2017 | $11.02 | 3/17/2017 | $3.25 |
| 8/30/2016 | $10.47 | 11/3/2016 | $10.56 | 1/11/2017 | $10.91 | 3/20/2017 | $3.21 |
| 8/31/2016 | $10.57 | 11/4/2016 | $10.59 | 1/12/2017 | $10.93 | 3/21/2017 | $3.16 |
| 9/1/2016 | $10.53 | 11/7/2016 | $10.67 | 1/13/2017 | $10.78 | 3/22/2017 | $3.21 |
| 9/2/2016 | $10.58 | 11/8/2016 | $10.64 | 1/17/2017 | $10.80 | 3/23/2017 | $3.25 |
| 9/6/2016 | $10.54 | 11/9/2016 | $10.79 | 1/18/2017 | $10.84 | 3/24/2017 | $3.25 |
| 9/7/2016 | $10.60 | 11/10/2016 | $10.91 | 1/19/2017 | $10.79 | 3/27/2017 | $3.31 |

| Date | Price | Date | Price | Date | Price | Date | Price |
|---|---|---|---|---|---|---|---|
| 3/28/2017 | $3.35 | 4/12/2017 | $3.19 | 4/28/2017 | $3.14 | 5/15/2017 | $2.87 |
| 3/29/2017 | $3.38 | 4/13/2017 | $3.18 | 5/1/2017 | $3.12 | 5/16/2017 | $2.79 |
| 3/30/2017 | $3.36 | 4/17/2017 | $3.19 | 5/2/2017 | $3.13 | 5/17/2017 | $2.81 |
| 3/31/2017 | $3.30 | 4/18/2017 | $3.14 | 5/3/2017 | $3.10 | 5/18/2017 | $2.83 |
| 4/3/2017 | $3.24 | 4/19/2017 | $3.15 | 5/4/2017 | $3.04 | 5/19/2017 | $2.79 |
| 4/4/2017 | $3.15 | 4/20/2017 | $3.21 | 5/5/2017 | $3.10 | 5/22/2017 | $2.86 |
| 4/5/2017 | $3.17 | 4/21/2017 | $3.15 | 5/8/2017 | $3.07 | 5/23/2017 | $2.80 |
| 4/6/2017 | $3.22 | 4/24/2017 | $3.15 | 5/9/2017 | $3.09 | 5/24/2017 | $2.61 |
| 4/7/2017 | $3.25 | 4/25/2017 | $3.19 | 5/10/2017 | $3.00 | 5/25/2017 | $0.00 |
| 4/10/2017 | $3.27 | 4/26/2017 | $3.21 | 5/11/2017 | $2.94 | | |
| 4/11/2017 | $3.24 | 4/27/2017 | $3.16 | 5/12/2017 | $2.87 | | |

**TABLE B**
**Loss Limitation Per Share of Signet Common Stock**
**(August 29, 2013 through and including May 25, 2017)**

| | | Date of Sale (inclusive) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 8/29/2013 through 11/23/2015 | 11/24/2015 through 5/25/2016 | 5/26/2016 through 6/1/2016 | 6/2/2016 through 8/24/2016 | 8/25/2016 through 2/27/2017 | 2/28/2017 through 5/24/2017 | 5/25/2017 and after |
| Date of Purchase (inclusive) | 8/29/2013 through 11/23/2015 | $0.00 | $4.30 | $14.41 | $22.27 | $24.68 | $32.13 | $34.74 |
| | 11/24/2015 through 5/25/2016 | | $0.00 | $10.11 | $17.97 | $20.38 | $27.83 | $30.44 |
| | 5/26/2016 through 6/1/2016 | | | $0.00 | $7.86 | $10.27 | $17.72 | $20.33 |
| | 6/2/2016 through 8/24/2016 | | | | $0.00 | $2.41 | $9.86 | $12.47 |
| | 8/25/2016 through 2/27/2017 | | | | | $0.00 | $7.45 | $10.06 |
| | 2/28/2017 through 5/24/2017 | | | | | | $0.00 | $2.61 |
| | 5/25/2017 | | | | | | | $0.00 |

**TABLE C**
**90-Day Look-Back Table for Signet Common Stock**
**(Average Closing Price:  May 25, 2017 – August 22, 2017)**

| Date | Average Closing Price from May 25, 2017 through Date | Date | Average Closing Price from May 25, 2017 through Date | Date | Average Closing Price from May 25, 2017 through Date |
|---|---|---|---|---|---|
| 5/25/2017 | $50.30 | 6/26/2017 | $56.00 | 7/26/2017 | $58.35 |
| 5/26/2017 | $49.81 | 6/27/2017 | $56.30 | 7/27/2017 | $58.44 |
| 5/30/2017 | $49.16 | 6/28/2017 | $56.58 | 7/28/2017 | $58.51 |
| 5/31/2017 | $48.90 | 6/29/2017 | $56.87 | 7/31/2017 | $58.56 |
| 6/1/2017 | $49.60 | 6/30/2017 | $57.11 | 8/1/2017 | $58.62 |
| 6/2/2017 | $50.17 | 7/3/2017 | $57.35 | 8/2/2017 | $58.63 |
| 6/5/2017 | $50.55 | 7/5/2017 | $57.59 | 8/3/2017 | $58.66 |
| 6/6/2017 | $50.98 | 7/6/2017 | $57.73 | 8/4/2017 | $58.70 |
| 6/7/2017 | $51.55 | 7/7/2017 | $57.87 | 8/7/2017 | $58.76 |
| 6/8/2017 | $52.09 | 7/10/2017 | $57.97 | 8/8/2017 | $58.83 |
| 6/9/2017 | $52.76 | 7/11/2017 | $58.04 | 8/9/2017 | $58.85 |
| 6/12/2017 | $53.36 | 7/12/2017 | $58.07 | 8/10/2017 | $58.79 |
| 6/13/2017 | $53.80 | 7/13/2017 | $58.14 | 8/11/2017 | $58.75 |
| 6/14/2017 | $54.24 | 7/14/2017 | $58.19 | 8/14/2017 | $58.71 |
| 6/15/2017 | $54.62 | 7/17/2017 | $58.20 | 8/15/2017 | $58.62 |
| 6/16/2017 | $54.99 | 7/18/2017 | $58.17 | 8/16/2017 | $58.54 |
| 6/19/2017 | $55.33 | 7/19/2017 | $58.18 | 8/17/2017 | $58.46 |
| 6/20/2017 | $55.56 | 7/20/2017 | $58.19 | 8/18/2017 | $58.38 |
| 6/21/2017 | $55.60 | 7/21/2017 | $58.21 | 8/21/2017 | $58.29 |
| 6/22/2017 | $55.67 | 7/24/2017 | $58.21 | 8/22/2017 | $58.19 |
| 6/23/2017 | $55.80 | 7/25/2017 | $58.29 | | |

#1354779

29

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY FIRST-CLASS MAIL TO THE ADDRESS BELOW, WITH SUPPORTING DOCUMENTATION, *POSTMARKED* NO LATER THAN _____, 2020.

### Mail to:

**Signet Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91189**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | __ |
| PART II – GENERAL INSTRUCTIONS | __ |
| PART III – SCHEDULE OF TRANSACTIONS IN SIGNET COMMON STOCK (NYSE:  SIG, CUSIP:  G81276100) | __ |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | __ |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                  Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                  Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*e.g.*, executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                    State/Province    Zip Code

Foreign Postal Code (if applicable)         Foreign Country (if applicable)

Telephone Number (Day)                      Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership          ☐ Estate          ☐ Trust          ☐ Other (describe: _____ )

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see ¶ 8 of the General Instructions below for more information on when to file separate Claim Forms for multiple accounts.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A CLASS MEMBER (*see* the definition of the Class in ¶ 28 of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Signet Jewelers Limited ("Signet") common stock.  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Signet common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only Signet common stock purchased or otherwise acquired during the period from August 29, 2013 through and including May 24, 2017 is eligible under the Settlement.  However, sales of Signet common stock during the period from May 25, 2017 through and including August 22, 2017, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Signet common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Signet common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please**

keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Signet common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Signet common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Signet common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Signet common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Signet common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.      **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at Info@SignetSecuritiesLitigation.com, or by toll-free phone at 1-888-964-0513, or you can visit the Settlement website, www.SignetSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.SignetSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SIGSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at SIGSecurities@JNDLA.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-964-0513 OR BY EMAIL AT INFO@SIGNETSECURITIESLITIGATION.COM.**

## PART III – SCHEDULE OF TRANSACTIONS IN SIGNET COMMON STOCK

The only eligible security is Signet common stock (**NYSE:  SIG, CUSIP:  G81276100**).  Do not include information regarding securities other than Signet common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.

| | | | | |
|---|---|---|---|---|
| **1.  HOLDINGS AS OF AUGUST 29, 2013** – State the total number of shares of Signet common stock held as of the opening of trading on August 29, 2013.  (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Position Enclosed<br>○ |

**2.  PURCHASES/ACQUISITIONS FROM AUGUST 29, 2013 THROUGH AUGUST 22, 2017** – Separately list each and every purchase or acquisition (including free receipts) of Signet common stock from after the opening of trading on August 29, 2013 through and including the close of trading on August 22, 2017.  (Must be documented.)[2]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|---|
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |

**3.  SALES FROM AUGUST 29, 2013 THROUGH AUGUST 22, 2017** – Separately list each and every sale or disposition (including free deliveries) of Signet common stock from after the opening of trading on August 29, 2013 through and including the close of trading on August 22, 2017.  (Must be documented.)  — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |
|      /      / | | $ | $ | ○ |

---

[2] **Please note**:  Information requested with respect to your purchases and acquisitions of Signet common stock from May 25, 2017 through and including the close of trading on August 22, 2017 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement.

| | Confirm Proof of Position Enclosed |
|---|---|
| **4. HOLDINGS AS OF AUGUST 22, 2017** – State the total number of shares of Signet common stock held as of the close of trading on August 22, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant(s) did ***not*** submit a request for exclusion from the Class;

4. that I (we) own(ed) the Signet common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Signet common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                       Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                    Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant                                        Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page [__] of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-888-964-0513.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at Info@SignetSecuritiesLitigation.com, or by toll-free phone at 1-888-964-0513, or you may visit www.SignetSecuritiesLitigation.com.  DO NOT call Signet or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN** _____, **2020,** ADDRESSED AS FOLLOWS:

**Signet Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91189**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2020 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1355877

# EXHIBIT A-3

Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  all persons and entities who purchased or otherwise acquired Signet Jewelers Limited ("Signet") common stock during the period from August 29, 2013 to May 25, 2017 (the "Class Period"), and who were allegedly damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"), that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $240,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A Settlement Fairness Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, Courtroom 24A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine:  (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated March 16, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement.

The recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SignetSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SignetSecuritiesLitigation.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, www.SignetSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at:  Signet Securities Litigation, c/o JND Legal Administration, P.O. Box 91189, Seattle, WA 98111, 1-888-964-0513, Info@SignetSecuritiesLitigation.com.  Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SignetSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **no later than** _____**, 2020**.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* **no later than** _____**, 2020**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____**, 2020**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Signet Securities Litigation
c/o JND Legal Administration
P.O. Box 91189
Seattle, WA 98111
1-888-964-0513
Info@SignetSecuritiesLitigation.com
www.SignetSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

#1355873

# EXHIBIT B

Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Signet Jewelers Limited Securities Litigation*, Civil Action No. 1:16-cv-06728 (the "Action");

WHEREAS, (a) lead plaintiff Public Employees Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the class certified by the Court in its Decision and Order Granting Plaintiff's Motion for Class Certification dated July 10, 2019 (ECF No. 177) (the "Class," as defined below); and (b) defendants Signet Jewelers Limited (together with its affiliates, subsidiaries, and divisions, including Sterling Jewelers, Inc., "Signet" or the "Company"), Michael Barnes, Virginia Drosos, Mark Light, Ronald Ristau, and Michele Santana (collectively, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated March 16, 2020 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2020 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2020.

3.      **The Certified Class** – The "Class" means the class certified in the Court's Decision and Order Granting Plaintiff's Motion for Class Certification dated July 10, 2019 (ECF No. 177), consisting of all persons and entities who purchased or otherwise acquired Signet Jewelers Limited common stock during the period from August 29, 2013 to May 25, 2017 (the "Class Period") and who were allegedly damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Signet during the Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Signet; (v) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Notwithstanding the foregoing, any Signet employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any Signet employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities. [Also excluded from the Class are the persons and entities listed on Exhibit 1 to this Judgment who or which are excluded from the Class pursuant to request.]

4.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or

3

Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5.     Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA").  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

6.     **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the

4

Settlement treats members of the Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from

prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiff's Claims (as that term is defined in paragraph 1(w) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(v) of the Stipulation).

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the

Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or;

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that, notwithstanding the foregoing, the Parties and the Releasees and their respective counsel may file or refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

17.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2020.


_____

Chief Judge Colleen McMahon

9

**Exhibit 1**

**[List of Persons and Entities Excluded from
the Class Pursuant to Request]**

#1354642