# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |

**DECLARATION OF JACQUELINE H. RAY, SPECIAL ASSISTANT ATTORNEY GENERAL, LEGAL COUNSEL TO THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Jacqueline H. Ray, hereby declare under penalty of perjury as follows:

1. I am a Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi (the "OAG"). The OAG serves as legal counsel to the Public Employees' Retirement System of Mississippi ("MissPERS"), the Court-appointed Lead Plaintiff in this securities class action (the "Action").[1] As counsel for MissPERS, the OAG is responsible for, among other things, providing legal representation to MissPERS in securities and corporate governance litigation, including managing MissPERS's relationship with outside counsel. Under Mississippi constitutional, statutory, and common law, the OAG has the full executive authority to bring, decide, and

---

[1] Unless otherwise defined in this declaration, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement dated March 16, 2020, and previously filed with the Court. *See* ECF No. 247-1.

settle cases on behalf of MissPERS.  I submit this declaration in support of: (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto.

2. MissPERS is a governmental defined-benefit pension plan established for the benefit of the current and retired employees of the State of Mississippi.  MissPERS is responsible for the retirement income of employees of the State, including current and retired employees of the State's public school districts, municipalities, counties, community colleges, state universities, libraries, and water districts.  MissPERs provides benefits to over 107,000 retirees and beneficiaries, manages over $28.2 billion in net assets for its beneficiaries, and is responsible for providing retirement benefits to more than 224,000 active and inactive members.

**I.      MissPERS's Oversight of the Action**

3. I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  As legal counsel to MissPERS, I have overseen MissPERS's service as lead plaintiff in several securities class actions.

4. The OAG retained Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as one of MissPERS's portfolio monitoring counsel through a formal vetting process.  Through that process, the OAG determined that BLB&G was qualified and

adequate to conduct portfolio monitoring services for MissPERS and to represent MissPERS in securities litigation if the OAG chose to seek involvement in such cases.

   5.  On July 27, 2017, the Court issued an Order appointing MissPERS as "Lead Plaintiff" in the Action pursuant to the PSLRA, and approving BLB&G as "Lead Counsel" in the Action.  On behalf of MissPERS, I among others at the OAG, had regular communications with BLB&G throughout the litigation.  MissPERS, through my active and continuous involvement, as well as the involvement of others as detailed below, closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action.  The OAG received periodic status reports from BLB&G on case developments and participated in regular discussions with attorneys from BLB&G concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement.  In particular, throughout the course of this Action, I and/or other employees of the OAG:  (i) regularly communicated with BLB&G by email and telephone calls regarding the posture and progress of the case; (ii) reviewed and commented on all significant pleadings and briefs filed in the Action; (iii) oversaw MissPERS's involvement in the discovery process, including the production of the nearly 200,000 pages of documents produced to Defendants in response to their requests; (iv) participated in the mediation process and consulted with BLB&G concerning the settlement negotiations that occurred at, and following, the mediation sessions that ultimately led to the agreement in principle to settle the Action; and (v) evaluated and approved the proposed Settlement for $240,000,000 in cash.

6. George W. Neville, former Special Assistant Attorney General in the OAG, and Lorrie Tingle, CFA, former Chief Investment Officer of MissPERs, were also deposed in this Action in connection with Lead Plaintiff's motion for class certification. I personally attended the deposition of Mr. Neville conducted in New York City.

7. I also traveled to New York City to attend the mediation sessions conducted before former United States District Judge Layn R. Phillips on November 18, 2019 and January 7, 2020, and Mary Jo Woods, Special Assistant Attorney General in the OAG, traveled to New York City to attend the mediation session conducted before Judge Phillips on December 9, 2019.  In addition, the OAG, on behalf of MissPERS, evaluated and approved the mediator's recommendation issued by Judge Phillips that the Action be settled for $240,000,000 in cash.

## II. MissPERS Strongly Endorses Approval of the Settlement

8. Based on its involvement throughout the prosecution and resolution of the Action, MissPERS believes that the proposed Settlement is fair, reasonable, and adequate to the Class.  MissPERS believes that the proposed Settlement represents an outstanding recovery for the Class, particularly in light of the substantial risks and uncertainties of a trial and continued litigation in this case.  Therefore, MissPERS strongly endorses approval of the Settlement by the Court.

## III. MissPERS Fully Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses

9. While it is understood that the ultimate determination of Lead Counsel's request for attorneys' fees and expenses rests with the Court, MissPERS believes that Lead Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund, net of Court-approved Litigation Expenses, is reasonable in light of the

result achieved in the Action, the risks undertaken, and the quality of the work performed by Plaintiff's Counsel on behalf of Lead Plaintiff and the Class. MissPERS has evaluated the fee request by considering the substantial recovery obtained for the Class in this Action, the risks of the Action, and its observations of the high-quality work performed by Plaintiff's Counsel throughout the litigation, and has authorized this fee request to the Court for its ultimate determination.

10.  MissPERS further believes that Plaintiff's Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, MissPERS fully supports Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

11.  MissPERS understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for an award of Litigation Expenses, MissPERS seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in the Action, which includes time that ordinarily would have been dedicated to the work of the OAG, and thus represented a cost to the OAG.

12.  My primary responsibility at the OAG involves work on outside litigation to recover monies for state agencies that the OAG represents. As discussed above, I and others in the OAG participated in the prosecution and settlement of the Action. Below is a table listing myself and other OAG personnel who contribution to the litigation, together with a conservative estimate of the time that we spent and our effective hourly

5

rates[2]:

| Personnel | Hours | Rate | Total |
|---|---|---|---|
| Jacqueline H. Ray | 82.40 | $250 | $20,600.00 |
| Mary Jo Woods | 18.50 | $260 | $4,810.00 |
| **TOTAL** | **100.90** | | **$25,410.00** |

MissPERS therefore seeks reimbursement of $25,410.00, which reflects its reasonable costs and expenses directly related to its representation of the Class in this Action.

**IV.    Conclusion**

13.    In conclusion, MissPERS, the Court-appointed Lead Plaintiff, was intimately involved throughout the prosecution and settlement of the Action.  MissPERS strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the Class in light of the risks of continued litigation. MissPERS further supports Lead Counsel's request for an award of attorneys' fees and Litigation Expenses to Plaintiff's Counsel, and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Class, the substantial work conducted, and the litigation risks.  And finally, MissPERS requests reimbursement for the expenses of the OAG under the PLSRA as set forth above. Accordingly, MissPERS respectfully requests that the Court approve: (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

---

[2] For OAG personnel, the hourly rates are the same as (or similar to) the rates that have been accepted by courts throughout the country when MissPERS has requested reimbursement of its attorney time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this declaration on behalf of MissPERS.

Executed this __12__th day of June, 2020.

*Jacqueline H. Ray*
Jacqueline H. Ray
Special Assistant Attorney General

*Legal Counsel to the Mississippi Public Employees' Retirement System*