# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-21-2016

IN RE PFIZER INC. SECURITIES LITIGATION

No. 04-cv-9866 (LTS)(HBP)

ECF CASE

## ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**WHEREAS**:

A.  On December 21, 2016, a hearing was held before this Court to consider, among other things: (1) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Fee and Expense Application"); and (2) the fairness and reasonableness of the Fee and Expense Application;

B.  All interested Persons were afforded the opportunity to be heard;

C.  The maximum amount of fees and litigation expenses that would be requested by Lead Counsel, including the maximum amount of costs and expenses to Plaintiffs incurred in connection with representing the Class, was set forth in the Notice of Proposed Settlement of Securities Class Action, Application for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") that was disseminated to the Class in accordance with the Court's September 16, 2016 Order Preliminarily Approving Settlement, Directing Notice to Class Members, and Setting Hearing for Final Approval of Settlement (ECF No. 703, the "Preliminary Approval Order");

D.   The Notice advised Class Members of their right to object to the Fee and Expense Application and that any objections to the Fee and Expense Application were required to be filed with the Court no later than November 28, 2016, and served on designated counsel for the Parties;

E.   On November 11, 2016, Lead Counsel filed its Fee and Expense Application;

F.   All objections relating to the Fee and Expense Application have been considered, and the Court has overruled all such objections; and

G.   This Court has duly considered Lead Counsel's Fee and Expense Application, the declarations and memoranda of law submitted in support thereof, and all the submissions and arguments presented with respect thereto.

**NOW, THEREFORE**, after due deliberation and for the reasons stated on the record of the December 21, 2016 hearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.   This Order hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement (*see* ECF No. 700, Ex. 1) (the "Settlement Agreement"), and all initial capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.   Lead Counsel is hereby awarded 28% of the $486 million Settlement Amount, plus interest at the same rate earned by the Settlement Fund, to be paid from the Settlement Fund.

3.   Lead Counsel is hereby awarded the sum of $20,005,879.33 in litigation expenses, plus interest at the same rate earned by the Settlement Fund, to be paid from the Settlement Fund.

4. Lead Counsel shall allocate the attorneys' fees and expenses awarded amongst Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contribution of such counsel to the prosecution and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $486 million in cash that has been funded into escrow pursuant to the terms of the Settlement Agreement, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Class Representatives, including the institutional investor Lead Plaintiff, that oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 4.1 million potential Class Members and nominees stating that Lead Counsel, on behalf of Plaintiffs' Counsel, would ask the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund and expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants in an amount not to exceed $25 million, plus interest, to be paid from the Settlement Fund;

(d) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted more than 290,000 hours, with a lodestar value of over $120 million, to achieve the Settlement; and

(h) The amount of attorneys' fees and expenses awarded from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Teachers' Retirement System of Louisiana is hereby awarded $4,015, Class Representative Christine Fleckles is hereby awarded $7,500, Class Representative Julie Perusse is hereby awarded $5,000, and Class Representative Alden Chace is hereby awarded $5,000, for reimbursement of their costs and expenses directly related to their representation of the Class, to be paid from the Settlement Fund.

7. The Notice provided the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the fee and litigation expense request, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

8. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application will in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. There is no just reason for delay in entry of this Order Granting Lead Counsel's Motion for an Award of Attorneys' Fee and Reimbursement of Expenses, and immediate entry of this Order by the Clerk of the Court is expressly directed.

SO ORDERED.

Dated: New York, New York
December 21, 2016

LAURA TAYLOR SWAIN
United States District Judge

5