**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE SIGNET JEWELERS LIMITED SECURITIES LITIGATION | Civil Action No. 1:16-cv-06728-CM-SDA |
|---|---|

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John Rizio-Hamilton
Rebecca E. Boon
1251 Avenue of the Americas
New York, NY 10020

*Lead Counsel for Lead Plaintiff the Public Employees' Retirement System of Mississippi and the Class*

– and –

**GADOW TYLER, PLLC**
Jason M. Kirschberg
511 E. Pearl St.
Jackson, MS 39201

*Additional Counsel for Lead Plaintiff the Public Employees' Retirement System of Mississippi*

Dated: July 14, 2020

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....1

II. THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ....2

A. The Notice Program ....2

B. The Class's Reaction Supports Approval of the Settlement and the Plan of Allocation ....4

C. The Class's Reaction Supports Approval of the Fee and Expense Request ....6

III. CONCLUSION ....6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
298 F.R.D. 171 (S.D.N.Y. 2014) ....................................................................................4

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
2006 WL 903236 (S.D.N.Y. Apr. 6, 2006)....................................................................5

*Asare v. Change Grp. of New York, Inc.*,
2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013)................................................................6

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ....................................................................5

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ................................................................6

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) ....................................................................................5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013) ............................................................................5

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005)............................................................................................6

*Vaccaro v. New Source Energy Partners L.P.*,
2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)..................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)..................................................................5

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018) ..................................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
396 F.3d 96 (2d Cir. 2005)..............................................................................................4

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 254-55), and Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF Nos. 256-57) (the "Motions").[1]

## I. PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $240,000,000. As detailed in the opening papers in support of the Motions (ECF Nos. 254-58), the proposed Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations overseen by a former federal judge, who is an experienced class action mediator. The Settlement represents an excellent result for the Class in comparison to the recovery that could reasonably be expected to be obtained through trial, the substantial challenges that Lead Plaintiff would have faced in proving liability and establishing loss causation and damages, and the costs and delays of continued litigation.

The reaction of the Class confirms that the proposed Settlement is an outstanding result. Following an extensive notice program—including the mailing of over 207,500 copies of the Notice to potential Class Members and nominees—there has been no objection to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. Furthermore, only eleven requests for exclusion from the Class were received, collectively representing the purchase of just 100 shares of Signet common stock during the Class Period, a tiny percentage of the

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 16, 2020 (ECF No. 247-1), or in the Declaration of John Rizio-Hamilton in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 258).

estimated number of eligible shares under the Settlement.

Notably, institutional investors held over 93% of the shares of Signet common stock outstanding during the Class Period. The absence of any objection or request for exclusion by these sophisticated Class Members is additional evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and fee and expense request.

## II. THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted. Now that the time for objecting to the Settlement or requesting exclusion from the Class has passed, the reaction of the Class provides strong additional support for granting the Motions.

### A. The Notice Program

In accordance with the Court's Preliminary Approval Order (ECF No. 253), 207,520 copies of the Notice Packet were mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received (the "Suppl. Segura Decl."), filed herewith, at ¶ 2. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, net of expenses, and payment of Litigation Expenses in an amount not to exceed $4,000,000. *See* Notice ¶¶ 5, 76. The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; their right to exclude themselves from the Class; and the June 30, 2020 deadline for filing objections and for receipt of requests for exclusion. *See* Notice at p. 3 and

¶¶ 77, 83.[2]

On June 16, 2020, 14 days before the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 254-58), on the Settlement website (www.SignetSecuritiesLitigation.com), *see* Suppl. Segura Decl. ¶ 3, and on Lead Counsel's website (www.blbglaw.com/cases/signet-jewelers-limited).

On July 8, 2020, the Court entered an order advising that the final Settlement Fairness Hearing scheduled for July 21, 2020 would be conducted remotely and the Court would be providing the dial-in instructions for the hearing. ECF No. 260. The Claims Administrator updated the Settlement website and Lead Counsel updated its website to inform Class Members that the Settlement Fairness Hearing would be conducted remotely and that the dial-in instructions for the hearing would be posted on both websites when they become available.

As noted above, following this notice program, there has been no objection to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses. In addition, just eleven requests for exclusion from the Class have been received—all from individuals and none from institutional investors. *See* Suppl. Segura Decl. ¶ 4 & Ex. 1. Five of the eleven individuals requesting exclusion indicate in their requests that they did not purchase any shares of Signet common stock during the Class Period, so these individuals are not members of the Class. Another five of the requests do not provide any information on the requestors'

[2] The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in the *Wall Street Journal* and released over the *PR Newswire* on May 13, 2020. *See* Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 258-2) at ¶ 8.

transactions in Signet common stock, so it is not possible to determine if those individuals are members of the Class. The one other individual requesting exclusion states that he purchased 100 shares of Signet common stock during the Class Period. Thus, the eleven requests for exclusion received represent approximately 0.00008% of the estimated number of damaged shares of Signet common stock purchased during the Class Period and approximately 0.005% of the total number of Notices mailed to potential Class Members—by any measure a miniscule portion of the Class. In the letters submitted requesting exclusion, none of these individuals criticizes or takes any issue with any aspect of the proposed Settlement, the Plan of Allocation, or the requested fees and expenses.[3]

### B. The Class's Reaction Supports Approval of the Settlement and the Plan of Allocation

The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. "[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry" into the fairness and adequacy of the Settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id.* at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *see also In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("the absence of objections by the class is extraordinarily positive and weighs in favor of settlement"); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement.").

[3] While not all of the requests include all of the information about trading in Signet common stock as required by the Notice (¶ 77), Lead Plaintiff and Lead Counsel, with the consent of Defendants, request that the Court nonetheless grant all of the requests for exclusion from the Class.

It is significant that no institutional investors—which held over 93% of the shares of Signet common stock outstanding during the Class Period—have objected to the Settlement. Institutional investors are often sophisticated and possess the incentive and ability to object. Accordingly, the absence of objections by these sophisticated class members is further evidence of the fairness of the Settlement. *See In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The reaction of the Class also supports approval of the Plan of Allocation. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (the conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C. The Class's Reaction Supports Approval of the Fee and Expense Request

The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Asare v. Change Grp. of New York, Inc.*, 2013 WL 6144764, at *16 (S.D.N.Y. Nov. 18, 2013) ("not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable").

As with approval of the Settlement, the lack of objections by institutional investors is notable, and lends further support to approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the favorable reaction of the Class strongly supports approval of the Settlement, the Plan of Allocation, and the fee and expense request.

## III. CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation,

and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund; and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are being filed herewith.

Dated: July 14, 2020

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ John Rizio-Hamilton*

John Rizio-Hamilton
Rebecca E. Boon
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnr@blbglaw.com
Rebecca.Boon@blbglaw.com

*Lead Counsel for Lead Plaintiff the Public Employees' Retirement System of Mississippi and the Class*

– and –

**GADOW TYLER, PLLC**
Jason M. Kirschberg
511 E. Pearl St.
Jackson, MS 39201
Telephone: (601) 355-0654
Facsimile: (601) 510-9667
jason@gadowtyler.com

*Additional Counsel for Lead Plaintiff the Public Employees' Retirement System of Mississippi*